In the Matter of the Claim of MARCELLUS REID, Respondent, against PHILIP ROSE, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for leave to appeal to the Court of Appeals denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See 281 App. Div. 1062.]

In the Matter of the Claim of HERBERT MILLER, Respondent, against U. S. TELEVISION MFG. Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and the State Insurance Fund, as insurance carrier, from a decision and award of the Workmen's Compensation Board. From childhood claimant had suffered a shortening of the right leg of three and one-half inches, causing a limp; a deformity of the right extremity; and a scoliosis of the spine. He was employed as an assembler of television receivers in a manufacturing plant and while lifting a box on December 2, 1947, he suffered a lumbosacral sprain. Awards were made from December 2, 1947, to April 4, 1951, and the carrier filed a claim for reimbursement by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. The board disallowed the claim for reimbursement. It is not disputed that the pre-existing physical condition of the claimant was a "permanent physical impairment" within the statute. But the statute also requires as a condition to reimbursement from the fund that after the accident there be a permanent disability "caused by both conditions", i. e., the pre-existing physical condition and the accident, which is "materially and substantially greater" than the accident would have caused alone. The board found, in the first place, that the condition due to the accident is not permanent; and it found that the accident did not make the existing condition greater, and that the combination of both did not result in a materially greater disability. These findings of disjunction between the two conditions have support in the record and as thus supported, the decision and award should be affirmed. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.