In the Matter of the Claim of ORRIN REED, Respondent, against C. R. EDMONDS & SONS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant is a carpenter. On July 30, 1948, while working on a platform a plank broke and he fell. He suffered compressed fractures of the third and fourth lumbar vertebrae, lumbar spasm and tenderness and limitation

of movement of the back and legs. The carrier has filed a claim for reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law, which the referee allowed but which the board on review has disallowed. The test by which the right to reimburse is measured is that the claimant at the time of the second injury must have had a "permanent physical impairment" which in addition to a subsequent injury results, both together, in a permanent disability which is "materially and substantially greater" than the second injury alone would have caused (par. [d]). The claim for reimbursement filed by the carrier was based on an accident in 1938 in which claimant sustained a fractured pelvis, and also an osteoarthritis and generalized arteriosclerosis not associated with any accident. The board was not required on this record to find that the effects of the fractured hip were permanent and it did not have to find that the result of this accident and the other physical conditions made the fractures of 1948 materially greater. There was some loose medical opinion from which this could have been found; but in the light of other medical evidence from which it could be found that the disability was due entirely to the accident of 1948 we regard the question as factually open. The board was not bound by the referee's view of the facts, but we are bound by the board's view of them unless there is no substantial evidence to support the finding. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.