In the Matter of the Claim of ROSE TORELLI, Respondent, against ROBERT HALL CLOTHES et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 13, 1959.

*Albert P. Thill* for appellants.

*Frankel & Frankel* for claimant-respondent.

*John M. Cullen* for Special Disability Fund, respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, J.  Claimant was employed for some years as a seamstress and in 1953 suffered an injury to her left hand which resulted in a permanent partial disability.  The issue on this appeal is the right of the employer and carrier to have reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law because of claimant's deafness prior to the accident.

The board has denied reimbursement from the Fund on a finding that the loss of hearing was not "of such a degree * * * as to constitute a permanent physical impairment". Since the definition by statute (§ 15, subd. 8, par [b]) of "permanent physical impairment" is one which " is or is likely to be a hindrance or obstacle to employment " the board could find against the right to reimbursement if (a) the appellants did not adduce substantial evidence that the hearing disability was or was likely to be a hindrance to employment; or (b) even if such evidence was adduced, if there remained a fair question of fact on that issue.

We think the record as a whole presents an issue of fact.  That claimant had an impairment of hearing when she was employed and at the time of accident in 1953 is well established.  But the degree of this impairment is not shown.  Medical measurements of her hearing capacity were not made until four years after the accident, when it was found she had a total hearing loss of 45.6%.

The examining physician expressed the view that this amount of loss would be a hindrance to employment, but in this non-medical area the board was not required to accept his opinion; nor, on the medical side of the question, necessarily to apply it to the hearing loss some years before the examination and hearing tests.  Moreover, the physician expressed the opinion that a hearing aid would improve claimant's hearing although it would still not be normal.

The board was not required to find that a physical defect reasonably to be improved or corrected would necessarily be a handicap to employment before the injury or during the employ-

ment. By comparison a correctable defect in vision may not always be a hindrance to employment.

The decision in *Matter of Nagorka* v. *Goldstein* (4 A D 2d 904) was not to the effect that permanent loss of hearing is as a matter of law always a handicap to employment; it was, rather, that it was erroneous for the board to treat as decisive on this question the fact that claimant was able to do his work, which the court felt was implicit in the decision of the board. The test is, as it was there noted, rather whether the impairment is, or may likely be, an adverse factor in employability. That is often an open question of fact.

Hearing loss may be so great as to require it to be evaluated as similar to the loss of a definite physical faculty, such as a limb, and hence plainly, and as a matter of law to be treated as a hindrance to employability. But it may also be so small as to have no measurable effect on employment, even though it is permanent. Where the effect would be fairly debatable, it lies in the area of fact-finding; where it is beyond debate, it is a question of law.

The decision should be affirmed, with costs to the Special Disability Fund.

FOSTER, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision affirmed, with costs to the Special Disability Fund.