In the Matter of the Claim of GEORGE P. McINTOSH, Respondent, *v.* S. A. HEALY CONSTRUCTION COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 16, 1963.

*William P. Hastorf* for appellants.

*Isaacson, Robustelli & Fox* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*John M. Cullen* and *George J. Barbero* for Special Disability Fund, respondent.

Bergan, P. J. Claimant was employed for many years by various employers as a tunnel worker and sand hog under exposure to compressed air. In July, 1954 he was employed by appellant Healy as a sand hog and was exposed to compressed air for one day. Feeling adverse effects of this brief exposure, i.e., pain in his muscles, he was transferred by the employer to other work in free air.

Somewhat over two years later, October 22, 1956, he was examined by a physician who diagnosed his condition as caisson disease, a compressed air illness involving the left hip, left lower femur and knee, right femur and knee. He has been found by the Workmen's Compensation Board to have been disabled as of that date due to caisson disease of occupational causation.

Because claimant, when hired by the employer in 1954 had a shortening of the left leg which caused him to walk with a limp, appellants invoke the provisions of section 15 (subd. 8, par. [d]) of the Workmen's Compensation Law to seek reimbursement from the Special Disability Fund.

This has been denied by the Workmen's Compensation Board on a finding " that the present disability is not substantially and materially greater than that which would have resulted from the subsequent occupational disease alone, that the claim herein does not meet the requirements of Section 15-8 liability and that, therefore, liability rests on the carrier."

There is in the record medical proof to the effect that the shortening of claimant's left leg and the resulting limp were the result of bone changes due to caisson disease which is a slow and insidious process and which was related to his long-continued exposure to compressed air. There is medical proof also that the disablement was due to " all " the exposures to compressed air " including the last exposure ".

The board could well find in this situation that the conditions required by the second injury statute, i.e., " other * * * physical impairment " and " subsequent disability by * * * an occupational disease " resulting in a permanent disability caused by " both conditions " (§ 15, subd. 8, par. [d]) did not obtain.

If in a progressive disease which could extend over the course of several employments one disabling symptom exists at the

time of the hiring followed by a further development in the last employment of the same disease leading to disablement, this is not a "subsequent" disability in relation to "other physical impairment" in which "both conditions" could be regarded as separable in the sense in which the statute employs the term.

A literal reading of the statute would seem to require two or more separable conditions and it has been construed literally (*Matter of Miller* v. *U. S. Tel. Mfg. Co.*, 282 App. Div. 782; *Matter of Reed* v. *Edmonds & Sons*, 282 App. Div. 1083). At least separability seems implicit when the successive symptoms and conditions are part of a progressive process leading to a disablement. All symptoms and effects could well be held factually to have been aspects of the same developing physical process and so the board found here. (Cf. *Matter of McCann* v. *Walsh Constr. Co.*, 282 App. Div. 444, affd. 306 N. Y. 904.)

The applicability in the legislative scheme of section 15 (subd. 8, par. [d]) becomes clearer when this section providing for reimbursement from the Special Disability Fund is read with section 44, providing for apportionment and reimbursement from other employers when there have been earlier exposures contributing to a resulting disability. Since the apportionment is based on the time of exposure in each employment and since the exposure of claimant in appellant employer's work was only one day against long periods of prior exposure, it would seem probable, at least under the record as presently developed, that the last employer's share of responsibility for the total result would be relatively small.

We are advised by the Special Disability Fund's brief that such an application for apportionment under section 44 has been made by appellants and is pending before the board. In any case, however, we hold that under the facts shown here appellants are not entitled to reimbursement from the Special Disability Fund. It would seem also that nonschedule adjustment of claimant's case by the carrier without notice to the Special Disability Fund should estop the carrier from seeking reimbursement.

The award should be affirmed, with costs to the Special Disability Fund.

Coon, Gibson, Reynolds and Taylor, JJ., concur.

Award affirmed, with costs to the Special Disability Fund.