■ In the Matter of the Claim of JOHN J. STANICK, Respondent, v. SEIBERLING RUBBER CO. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

TAYLOR, J. An employer and its carrier appeal from a decision of the Workmen's Compensation Board which discharged the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, employed to change the heavy tires of large automotive trucks, sustained an industrial injury on October 19, 1951 for which a schedule award of 17½% loss of use of the left foot was made. On March 8, 1954 while in the same employ he sustained a second injury which resulted in the amputation of a substantial part of the same member and an ensuing award based on a 99% loss of its use, followed by the closing of the case. While claimant lost no time from work in the interim between these events it is undisputed that during the intervening years he performed his duties while not only hindered by a chronically inflamed and painful foot, to which condition underlying diabetes in part contributed, but also by one whose total function was further depleted as the result of the original permanently disabling accident. The board rejected the carrier's claim for reimbursement finding that claimant was continued in employment without knowledge by the employer that he was suffering from a permanent pre-existing physical impairment and that the second industrial disability was not made materially and substantially greater because of such impairment. Not only was there no proof supportive of the board's findings but all of the evidence in the record was to the contrary. The only inference which can be legitimately drawn from the unrefuted testimony adduced from the assistant treasurer of the employer who was in charge of its affairs relating to industrial accidents occurring in this State is that knowledge of claimant's permanent disability resulting from the initial accident was imparted to him in his official capacity and that he, acting within the scope of his duties, made an " informed decision" — an additional factor necessary to impose Special Fund liability (*Matter of Zyla* v. *Juilliard & Co.,* 277 App. Div. 604) — to continue claimant in employment despite the existence of a known permanent physical handicap. At a hearing held on October 15, 1962 which followed rescindment by the board of a Referee's decision charging Special Fund with liability and remittal of the case for further development, the carrier, without objection, submitted the report of its consultant dated August 24, 1962 which stated: " It is the opinion of this physician that the combination of the permanent partial disability resulting from the accident of 1954 plus the permanent partial disability resulting from the accident of 1952 [*sic*] produced a materially and substantially greater disability than would have occurred from the accident of 1954 alone." Respondent offered no countervailing

proof and sought no opportunity to cross-examine the medical expert. Of even greater significance was the concession made by Special Fund at the same hearing — consistent with the position which it had taken throughout the reimbursement proceeding — that the first accident had in fact contributed materially and substantially to the greater disability. Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the respondent Special Disability Fund. Herlihy, J. P., Reynolds, Aulisi and Hamm, JJ., concur.