■ In the Matter of the Claim of Bernard Krebbeks, Respondent, v. Lakeland Concrete Products et al., Appellants, and Special Disability Fund, Respondent. Workmen's Compensation Board, Respondent.— Gibson, P. J. Appeal by an employer and its insurance carrier from a decision which discharged from liability the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Under the statute and the long-settled decisional law, imposition of liability upon the Fund depends upon a showing that the second injury occurred after the employee had been employed or continued in employment with knowledge or an informed judgment by the employer of a permanent physical impairment, which was or was likely to be a hindrance to employment; and upon proof, additionally, that the second injury resulted in a permanent disability caused by both conditions that was materially and substantially greater than that which would have resulted from the second injury alone. (See *Matter of Netto* v. *General Crushed Stone Co.*, 5 A D 2d 721.) In the case before us, the board decision discharging the Special Fund recited some of the evidence without stating any determination of the factual questions thus presented (cf. *Matter of De Tura* v. *Eastern Meat Markets*, 3 A D 2d 486, 489, app. dsmd. 3 N Y 2d 921). We have previously found the " practice of reciting salient portions of the evidence on both sides of the case * * * a good one", noting, at the same time, however, that " ultimately the decision * * * must state which of the alleged facts in evidence the board has accepted as true." (*Matter of Ferreri* v. *General Auto Driving School*, 22 A D 2d 718.) In the case before us the board made no specific findings with respect to the several factors, above outlined, which are at issue in this and every second-injury case, except as it found " that claimant's loss of smell and 15% loss of use of his left arm were not sufficient to constitute an obstacle to employment within the meaning of Section 15, subdivision 8." The proof as to the extent and effect of claimant's diminished sense of smell was thin and, if the decision were otherwise adequate, the board's finding that the diminishment was not of sufficient degree to constitute a handicap to employment would not have to be disturbed perhaps (cf. *Matter of Torelli* v. *Hall Clothes*, 9 A D 2d

147) although it would be helpful to our review to be apprised of the board's treatment of the testimony of the employer's president that on one occasion claimant was unable to detect the odor of gasoline fumes. Moreover, and more important, the board's denial of any hindrance to employment by reason of the not insubstantial loss of use of the arm suggests, first, the necessity of a more precise statement of the basis of the board's finding (cf. Workmen's Compensation Law, § 23) that a loss as great as 15% would not affect claimant's employability and, second, the possibility that the board, misapprehending the rule (and after noting that claimant because of his complaints had been provided with powered tools instead of the manually operated equipment he had previously used), intended to find only that the injury did not handicap claimant in performing the particular work assigned to him by appellant employer; while the true test, of course, respects claimant's employability generally, at the time he is employed or retained in employment, allegedly as a handicapped person. (*Matter of Torelli* v. *Hall Clothes, supra,* p. 149; and, see, *Matter of Nagorka* v. *Goldstein,* 4 A D 2d 904.) Finally, since there is no indication whether the board passed on the other elements requisite to a determination in a section 15 (subd. 8) case and hereinbefore outlined, and whether, if it did, those issues were resolved in favor of the employer or against it, we cannot adequately or intelligently review the decision and, in particular, determine whether or not the conclusory statement respecting hindrance to employment is of critical or determinative importance. Decision reversed and case remitted for additional findings or for other proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.