In the Matter of the Claim of JAMES FRISCIA, Respondent, v. MERMAID SEA PRODUCTS, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from a decision of the Workmen's Compensation Board which held it liable for reimbursement. The record shows that after a hearing on April 3, 1962 (Special Fund being represented) the Referee by a decision dated April 6, 1962 established "knowledge" in accordance with the provisions of subdivision 8 of section 15 to which finding the Fund representative excepted. On October 15, 1965 the board found, based on the testimony of Dr. Merwarth at a hearing on March 12, 1965, that the evidence established "materially and substantially greater disability under section 15-8" and also "that the question of knowledge of pre-existing permanent physical impairment has long since been established and no appeal was taken from said decision. Review thereof is not granted at this time." The sole issue on this appeal is: Was the appellant bound by the decision of April 6, 1962, from which no appeal was taken, as to "knowledge"? The liability of the Special Fund (§ 15, subd. 8) depends upon the finding of several facts: (1) A permanent physical impairment; (2) Hiring or retention in employment with knowledge by the employer of such impairment and its permanency; (3) That such permanent condition is a hindrance or obstacle to employment and is materially and substantially a greater disability than would have resulted from the subsequent injury alone. There is no liability until all of these factors are established against the Fund. A finding

of one factor is essential to the whole but of itself creates no liability. In the present case the establishment of these factors required several hearings. In *Matter of Guest* v. *Western Gateway Roofing Metal Works* (21 A D 2d 918, mot. for lv. to app. den. 14 N Y 2d 488), a similar procedural problem, we held that the initial determination of permanency as related to a schedule loss or permanent partial was not a final determination but "simply interlocutory in nature" and such we find to be the present procedural problem. To determine that a factual finding of one of the several factors of liability under subdivision 8 of section 15 requires a separate appeal would tend to create congestion in a busy administrative agency and it seems fair to assume that if the appellant had appealed from the finding of "knowledge", the board might very well have denied a hearing until a final and ultimate determination of liability based on all of the essential factors. From the present record there appears to be substantial evidence to sustain the board's finding of materially and substantially greater disability. Decision reversed, and matter remitted for further proceedings, with costs to appellant against the State Insurance Fund. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.