■ In the Matter of the Claim of GEORGE HARISIADES, Respondent, v. SUTTER FRENCH CONFECTIONS et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by an employer and its insurance carrier from a decision which discharged the Special Disability Fund (Workmen's Compensation Law, § 15, subd. 8) in an occupational disease case. It is appellants' contention that claimant initially developed baker's asthma which did not become disabling "until infection caused an intervening bronchiectasis and emphysema superimposed upon the asthmatic condition"; and from this premise appellants argue that the baker's asthma was a prior, permanent impairment constituting a hindrance to employment, within the second-injury law (Workmen's Compensation Law, § 15, subd. 8) and that the bronchiectasis and emphysema later ensuing constituted the "second injury", rendering the Special Fund liable. Appellants rely on *Matter of Ferguson* v. *Art Stone Co.* (6 A D 2d 25, mot. for lv. to app. den. 5 N Y 2d 705) in which a prior asthmatic condition was found to be separate from the subsequent disabling condition; the employer's knowledge of the prior impairment was stipulated; and the board's factual determination, from which the Special Fund's liability followed, was affirmed. Here, however, the board's factual determination went the other way; the Special Fund was accordingly discharged from liability; and the decision, being supported by substantial evidence, must be affirmed. The physician testifying for the Special Fund said that it was established as early as December 17, 1958 that claimant "was permanently and totally disabled as a result of exposure over a long period of flour dust, in the course of his occupation as a baker"; and "was totally disabled from baker's asthma * * * [a]lone." He found the bronchiectasis and emphysema inseparable from the underlying baker's asthma, "in light of the causation of this condition." He said further: "I think that they are part and parcel of the same situation that occurs in silicosis for instance, where pulmonary fibrosis ultimately develops in a certain group of cases. I regard the bronchiectasis and emphysema

as complications of baker's asthma in this instance." Although the carrier's medical expert testified that the "chronic infection and suppuration, with fibrosis and bronchiectasis" developed by claimant were not consequences of the "normal progress" of the original baker's asthma, he gave some support to the Special Fund's position by stating that they were brought about in this case by "the continuous exposure to flour dust, the irritating flour dust." The board upon this record properly found "that the claimant's condition is a progression of the disease and is the one and the same condition for which compensability has been established * * * that the symptoms and effects on which the claim for reimbursement under Section 15, subdivision 8 were based, are aspects of the same developing physical process and that there has been no 'second' injury and the claim does not come under the provisions of Section 15, subdivision 8 of the Workmen's Compensation Law." In support of its position the board cited *Matter of McIntosh* v. *Healy Constr. Co.* (17 A D 2d 544, 546, mot. for lv. to app. den. 12 N Y 2d 648) in which we held that Special Fund liability can be imposed only upon a finding of two or more separable conditions and not "when the successive symptoms and conditions are part of a progressive process leading to a disablement"; and we said in that case, as can be said in this, that "[a]ll symptoms and effects could well be held factually to have been aspects of the same developing physical process and so the board found". As we have even more recently held, "Clearly under section 15 (subd. 8) a subsequent condition must be separable from the prior pre-existing permanent condition and not merely be the culmination or the progressive process of the same disease or condition of which the pre-existing condition was a symptom or part * * * The determination in a given case as to whether such separability exists is factual and thus within the exclusive province of the board if its decision is supported by substantial evidence." (*Matter of Ritz* v. *Farber Bros.*, 30 A D 2d 1021, 1022, mot. for lv. to app. den. 23 N Y 2d 644.) Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Gibson, P. J.