■ In the Matter of the Claim of CHARLES E. O'GRADY, Respondent, v SEALRIGHT CORP., Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed July 19, 1974, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant commenced working for the self-insured employer herein in 1951, and until February of 1964 his duties included the spray cleaning of machinery. In 1963, he consulted a dermatologist, one Dr. Seidenberg, because a dermatitis condition of both of his feet discovered by the employer's medical examiner in 1959 was worsening and gradually spreading to other parts of his body. The condition cleared up upon being treated by Dr. Seidenberg, who notified the employer that the condition was employment-related. Thereafter, claimant was transferred to yard work, and, in 1966, he suffered a "flare up" of his dermatitis condition which was also diagnosed as employment-related. After a hearing on claim-

ant's condition, a referee determined that he had suffered a permanent partial disability because of dermatitis and that the employer was entitled to relief from the Special Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Upon review by the board, however, it discharged the Special Fund because "the dermatitis causing the disability was contracted by the claimant in the course of this employment and did not pre-exist this employment". On this appeal, the employer challenges this decision of the board, and we agree that it must be reversed. While the precise meaning of the board's language in discharging the Special Fund is unclear, it is well settled that the Special Fund may be liable not only when a worker is hired, but also when he is retained or continued in employment by an employer "with knowledge of the [worker's] impairment and a good faith belief of its permanency" *(Matter of Bellucci v Tip Top Farms,* 24 NY2d 416, 420; *Matter of Friscia v Mermaid Sea Prods.,* 27 AD2d 614), and this court has previously held the Special Fund liable where, as here, the claimant suffered both the prior and subsequent impairments during the course of the same employment *(Matter of Stanick v Seiberling Rubber Co.,* 22 AD2d 721). Accordingly, the asserted basis for the board's discharge of the Special Fund is clearly insufficient, and this matter must be remitted to the board for consideration of whether claimant's subsequent impairment is separable from his initial dermatitis condition *(Matter of Harisiades v Sutter French Confections,* 32 AD2d 981). If this determination is affirmative, the board must then consider the various other factors upon which the Special Fund's liability depends (see *Matter of Friscia v Mermaid Sea Prods., supra).* Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the Special Disability Fund. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.