■ In the Matter of the Claim of JOHN J. GRIECO, Respondent, v GRIECO ELECTRIC CO., INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workmen's Compensation Board, filed November 12, 1974 and April 17, 1975 which discharged from liability the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law. Claimant, employed by a company of which his father is president, sustained an accidental injury on November 30, 1971 which resulted in a 60% schedule loss of use of his left arm. In 1962, while in military service, claimant's left kidney was removed for which he was awarded a 20% service connected disability pension. The board found "that claimant's disability resulting from the injury on November 30, 1971 combined with the pre-existing absence of his left kidney is not materially and substantially greater as a result of both conditions than that which resulted from the injury of November 30, 1971 alone." Thus, the board concluded that the carrier was not entitled to reimbursement from the Special Disability Fund since its claim does not come within the purview of subdivision 8 of section 15 of the Workmen's Compensation Law. Under the statute and the settled decisional law, imposition of liability under the Special Disability Fund depends upon a showing that the subsequent disability occurred after the employee had been employed or was continued in employment with knowledge on the part of the employer that the employee had a permanent physical impairment, which was or was likely to be a hindrance to employment; and upon proof additionally, that the subsequent disability resulted in a permanent disability caused by both conditions that was materially and substantially greater than that which resulted from the subsequent injury or occupational disease alone *(Matter of Krebbeks v Lakeland Concrete Prods.,* 26 AD2d 856). While there is no question here of the claimant's prior physical impairment (absence of one kidney), or that the employer was fully aware of that condition, it has not been established on this record that such pre-existing physical impairment constituted a handicap or an obstacle to claimant's employment generally, as contended by appellants. Rather, there is medical testimony to the effect that claimant was not disabled from working as a result of the loss of one kidney, that he can function very well and without difficulty on one kidney, and that it would not prevent him from doing any work of a physical nature. Since the board's decision is supported by substantial evidence, we should not disturb it *(Matter of Orlen v Food Fair Stores,* 28 AD2d 757; *Matter of Torelli v Robert Hall Clothes,* 9 AD2d 147). Decisions affirmed, with costs to respondents filing briefs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.