■ In the Matter of the Claim of JAMES STURTEVANT, Respondent, v BROOME COUNTY, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 23, 1991.

Claimant testified that after he had run up a hill and twice around a burning building, and had twice climbed a fence while investigating a fire in his capacity as a fire investigator, he experienced pains in his chest and arms. The physician who treated claimant at an emergency room after the incident testified that in his opinion claimant had suffered a myocardial infarction and that claimant's exertion while investigating the fire contributed to the infarction. This testimony provides substantial evidence to support the finding of the Workers' Compensation Board that there was a causal connection between the infarction and claimant's employment (see, Matter of Cozzolino v Ford Motor Co., 144 AD2d 204; Matter of Underdown v Treadwell Corp., 89 AD2d 661). The fact that other preexisting conditions also may have contributed to the infarction does not require a different result (see, Matter of Black v Metropolitan Tobacco, 71 NY2d 989; Matter of Gates v McBride Transp., 60 NY2d 670; Matter of Cozzolino v Ford Motor Co., supra). Further, the Board was free to reject conflicting medical testimony (see, Matter of Curtis v Adirondack Trailways, 146 AD2d 900).

We also find that the Board did not err in finding Workers' Compensation Law § 15 (8) (d) inapplicable and in discharging the Special Disability Fund. To obtain reimbursement pursuant to the statute, an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both

conditions materially and substantially greater than what would have been caused by the work-related injury alone *(see,* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 15, 1992 Pocket Part, at 15; *see also, Matter of Dellheim v International Bus. Machs. Corp.,* 177 AD2d 887). Even accepting the employer's argument that testimony that claimant's preexisting diabetes contributed to his coronary atherosclerosis established that claimant was more vulnerable to the compensable injury and would support a finding of liability under the statute *(see, Matter of Foos v Bausch & Lomb,* 181 AD2d 951; *Matter of Saletta v Allegheny Ludlum Steel Corp.,* 62 AD2d 360, *lv denied* 45 NY2d 711), nothing in the record established that claimant's diabetes hindered his job potential in any way *(see, Matter of Grieco v Grieco Elec. Co.,* 52 AD2d 1011; *cf., Matter of Dellheim v International Bus. Machs. Corp., supra).*

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.