■ In the Matter of the Claim of LEONA CHADWICK, Respondent, v MALLINKRODT ANESTHESIA PRODUCTS et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 171] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed March 31, 1998, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

Workers' Compensation Law § 15 (8) provides an incentive for employers to hire disabled persons by permitting employers to obtain reimbursement from the Special Disability Fund after paying 104 weeks of benefits awarded for permanent disability or death (*see, Matter of Freer v New Process Gear*, 237 AD2d 869). "To obtain reimbursement pursuant to the statute, an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County,* 188 AD2d 893, 893-894).

In this case, the employer's workers' compensation insurance carrier timely applied for reimbursement under Workers' Compensation Law § 15 (8), alleging several preexisting physical impairments. The Workers' Compensation Board ultimately found insufficient evidence that claimant suffered a permanent preexisting impairment prior to the work-related injury and concluded that Workers' Compensation Law § 15 (8) was inapplicable. The employer and carrier appeal.

The employer and carrier rely on medical evidence in the record which demonstrates that claimant had carpal tunnel surgery on her right wrist in 1984 and injured her neck in 1989 and that, as a result of these conditions, claimant's overall disability after the 1990 work-related injury is materially and substantially greater than what would have been caused by the work-related injury alone. There is, however, no evidence that claimant's preexisting conditions hindered her job potential in any way. Claimant testified that, although she missed time from work in 1984 and 1989, she returned to work each time with no restrictions and that, prior to the 1990 work-related injury, she was having no problems with either her neck or wrist. The absence of proof that the preexisting condi-

tions hindered claimant's job potential provides the necessary rational basis for the Board's finding of insufficient evidence that claimant suffered a permanent preexisting impairment for the purposes of Worker's Compensation Law § 15 (8) reimbursement (*see, Matter of Brigandi v Town & Country Linoleum & Carpet*, 221 AD2d 728; *Matter of Sturtevant v Broome County*, *supra*).

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.