■ In the Matter of the Claim of DOMINICK CALDERONE, Respondent, v METAL CONTAINER CORPORATION, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 375] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 17, 2000, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).

To obtain reimbursement pursuant to Workers' Compensation Law § 15 (8), an employer must satisfy three conditions, the first of which is a showing that the claimant had a preexisting permanent impairment that hindered job potential (see, *Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953). In this case, prior to claimant's injury at work in August 1990, he had sustained a whiplash-type injury in a December 1987 motor vehicle accident and consequently the employer sought Workers' Compensation Law § 15 (8) reimbursement based upon that prior injury. Finding no evidence that the injury sustained by claimant in the motor vehicle accident was permanent or that it hindered claimant's job potential in any way, the Workers' Compensation Board denied the employer's application, prompting this appeal.

Although the Board erred in stating that the majority of the treating chiropractor's reports submitted by claimant pertained to the treatment of claimant's father, we conclude that the error was harmless, for in contrast to *Matter of Findling v Community Gen. Hosp.* (280 AD2d 798), upon which the employer relies, the Board exercised its fact-finding authority in this case and the record establishes that the error played no role in the Board's decision. Claimant's testimony establishes that he lost only three days of work after the motor vehicle accident, that he was thereafter able to perform the same work he had been performing and in fact took on additional landscaping and construction work with no problem. Also, claimant had not turned down any potential jobs and had no restrictions imposed upon him as a result of the accident. Claimant apparently continued to see a chiropractor on a regular basis for several years after the accident but, according to claimant, the treatments were no longer useful after the summer following the accident and he merely continued to keep the appointments scheduled by the chiropractor until his lawsuit arising out of the accident was settled. Claimant's testimony, upon which the Board expressly relied, provides substantial evidence to support the conclusion that claimant's injury from the motor vehicle accident neither was permanent nor hindered his job potential. The medical records erroneously referred to by the

Board as pertaining to claimant's father contained nothing to demonstrate the permanency of claimant's injury or that claimant's job potential was hindered in any way. Accordingly, there is no basis to disturb the Board's decision.

Cardona, P. J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.