■ In the Matter of the Claim of Sarah Bushey, Respondent, v Schuyler Ridge et al., Appellants, and Special Disability Fund, Respondent. Workers' Compensation Board, Respondent. [908 NYS2d 470]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 22, 2009, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8) (d).

Claimant was employed as a certified nursing aide and injured her back and left hip in an accident at work. Her claim for workers' compensation benefits was established, and she was eventually found to have sustained a permanent partial disability. In the course of the workers' compensation proceedings, a physician conducting an independent medical examination of claimant noted that she had preexisting hypertension and opined that such contributed to the severity of her disability. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) thereafter sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). The Workers' Compensation Board ultimately rejected that claim, and the employer now appeals.

We affirm. In order to obtain reimbursement under Workers' Compensation Law § 15 (8) (d), "an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (Matter of Sturtevant v Broome County, 188 AD2d 893, 893-894 [1992]; see Matter of O'Reilly v Raymond Concrete Piling, 47 NY2d 891, 892 [1979]; Matter of Li v Southern Garden, Inc., 69

AD3d 1175, 1177 [2010]). Here, claimant's hypertension constituted a preexisting permanent impairment, but she testified that it was controlled by medication and affected neither her work for the employer nor her search for other work. The physician who conducted the independent medical examination did not dispute claimant's testimony, but opined that her hypertension would affect her ability to find work in some "safety-sensitive" areas such as law enforcement, fire fighting and truck driving. Given the employer's failure to show that claimant had sought, or was even qualified to, work in those areas, substantial evidence supports the Board's finding that claimant's hypertension did not constitute a hindrance to her employability (*see Matter of Sturtevant v Broome County*, 188 AD2d at 894; *Matter of Grieco v Grieco Elec. Co.*, 52 AD2d 1011 [1976]; *Matter of Torelli v Robert Hall Clothes*, 9 AD2d 147, 149 [1959]).

Spain, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.