In the Matter of the Claim of LORRAINE MARY GRABINSKY, Claimant, v FIRST AT NURSING SERVICES et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [912 NYS2d 354]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed June 25, 2009, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant was injured during the course of her employment and received workers' compensation benefits. Thereafter, asserting that claimant suffered from a variety of preexisting infirmities that contributed to her disability, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Following a hearing, a workers' compensation law judge found that statute applicable and ruled that reimbursement was appropriate. The Workers' Compensation Board upheld the determination, prompting this appeal by the Fund.

We reverse. Workers' Compensation Law § 15 (8) provides an incentive to employers to hire permanently disabled individuals; under certain circumstances, the statute permits employers to

seek reimbursement for workers' compensation benefits and medical expenses subsequently awarded to such individuals (*see Matter of Cassata v General Motors Powertrain*, 71 AD3d 1342, 1343 [2010]; *Matter of Mills v Staffking [Hidden Val.]*, 271 AD2d 146, 147 [2000]). To obtain reimbursement, "an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]; *accord Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953 [1999]).

Here, while claimant was diagnosed with a number of medical conditions—including diabetes, psoriasis and depression—prior to sustaining her work-related injury, the employer did not establish that any of these preexisting conditions hindered, or was likely to hinder, claimant's job potential (*see* Workers' Compensation Law § 15 [8] [b]; *Matter of Flynn v Managed Care, Inc.*, 27 AD3d 794, 795-796 [2006], *lv denied* 7 NY3d 717 [2006]). While claimant testified as to her medical history, she did not indicate that such ailments were a hindrance to her employment and stated that she was working full time with no restrictions on the date she was injured. Medical reports in the record are similarly silent in this regard. Accordingly, inasmuch as such a showing is a prerequisite to reimbursement, the Board's decision is not supported by substantial evidence and it must be reversed and the matter remitted (*compare Matter of Shepler v City of Tonawanda*, 67 AD3d 1313, 1314 [2009]; *Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d at 953-954; *Matter of Sturtevant v Broome County*, 188 AD2d at 894).

In light of this holding, we need not address the Fund's remaining assertion.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.