■ In the Matter of the Claim of MAYA KAKURIEV, Respondent, v HOME SERVICE SYSTEMS, LLC, et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [915 NYS2d 388]—

Egan Jr., J. Appeal from a decision of the Workers' Compensation Board, filed August 7, 2009, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant was injured in the course of her employment as a home health aide when she fell down two stairs and suffered injuries to her knees, back and neck. As a result of those injuries, claimant was determined to be mildly to moderately permanently partially disabled and awarded workers' compensation benefits. Thereafter, asserting that claimant had preexisting injuries to both her knees, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8). Following a hearing at which no testimony was taken, a Workers' Compensation Law Judge found that the employer was entitled to reimbursement. The Workers' Compensation Board upheld the determination, and the Fund now appeals.

We reverse. For an employer to be entitled to reimbursement from the Fund, it must show that the claimant had " 'a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953 [1999], quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]; *see* Workers' Compensation Law § 15 [8] [b], [d]; *Matter of Calderone v Metal Container Corp.*, 286 AD2d 848, 848 [2001]). Here, although claimant had preexisting injuries to her knees as evidenced by MRIs taken just days prior to her December 2003 work-related accident, the employer offered no evidence that those injuries hindered her job potential. Significantly, when the Fund sought to have claimant testify as to whether her past injuries had proven a hindrance to her employment, the employer opposed her testimony and the Workers' Compensation Law Judge disallowed it. Thus, because the employer failed to present any evidence that claimant suffered from a preexisting permanent impairment that hindered her job potential, we find that the Board's determination was not supported by substantial evidence (*see generally Matter of Calderone v Metal Container Corp.*, 286 AD2d at 848; *Matter of Brigandi v*

*Town & Country Linoleum & Carpet*, 221 AD2d 728, 728-729 [1995]; *Matter of Sturtevant v Broome County*, 188 AD2d at 894).

In light of the foregoing, we need not address the Fund's remaining argument.

Peters, J.P., Malone Jr., Stein and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.