■ In the Matter of the Claim of DANIEL J. PINTER, Claimant, v LOUIS J. KENNEDY TRUCKING CORPORATION, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 760]—

Lahtinen, J.P.

Claimant, a truck driver, injured his back while working in 2002. His claim for workers' compensation benefits was established, and he was eventually found to have sustained a permanent partial disability. The employer and its workers' compensation carrier sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). The Workers' Compensation Board ultimately determined that the statute was inapplicable, and the employer now appeals.

We affirm. To obtain reimbursement from the Fund under Workers' Compensation Law § 15 (8) (d), the employer was required to "show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County*, 188 AD2d 893; 893-894 [1992]; *accord Matter of Bushey v Schuyler Ridge*, 77 AD3d 1006, 1006 [2010]). Here, the Board determined that the employer had not met the first prong of that test. Claimant suffered a back injury in 1990, but testified that the injury only required limited medical treatment and did not limit his ability to work at all. His medical records further indicate that he had sporadic back pain prior to the 2002 injury, but worked without restriction and played sports during that period. Indeed, a doctor who conducted an independent medical examination of claimant noted those facts and opined that the 1990 injury was not disabling and that no part of his current disability could be attributed to it. Substantial evidence in the

record thus supports the Board's determination that claimant's prior injury did not hinder his job potential (*see Matter of Calderone v Metal Container Corp.*, 286 AD2d 848, 848-849 [2001]; *Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953-954 [1999]; *Matter of Saunders v Pepsi Cola*, 249 AD2d 780, 781 [1998]).

Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.