In the Matter of the Claim of ANNE BROWN, Claimant, v GUILDERLAND CENTRAL SCHOOL DISTRICT et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [922 NYS2d 575]—

McCarthy, J.

While employed as a high school art teacher, claimant had, since 1990, worked with various particulate matter, including clay dust used for ceramics. In 1997, the employer filed a C-2 form based upon claimant's chronic upper respiratory problems, listing January 1997 as the date of injury, and claimant, in October 1997, applied for workers' compensation benefits. The State Insurance Fund, as the employer's workers' compensation carrier, sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Claimant, thereafter, was awarded benefits for intermittent lost time beginning in January 1997. Ultimately, in December 2008, a Workers' Compensation Law Judge found that the carrier was entitled to reimbursement pursuant to Workers' Compensation Law § 15 (8) (d) and the Workers' Compensation Board upheld that determination. The Fund now appeals.

To qualify for reimbursement pursuant to Workers' Compensation Law § 15 (8) (d), " 'an employer must show that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Bushey v Schuyler Ridge*, 77 AD3d 1006, 1006 [2010], quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]). Although the factual determination as to whether these factors have been demonstrated is within the

exclusive province of the Board, the record herein does not disclose the exact nature of the medical condition upon which the finding of permanent partial disability was based (*see Matter of O'Grady v Sealright Corp.*, 50 AD2d 617, 618 [1975]; *Matter of Harisiades v Sutter French Confections*, 32 AD2d 981, 982 [1969]), nor is there sufficient evidence to determine whether the subsequent condition was "separable from the prior preexisting permanent condition and not merely . . . the culmination or the progressive process of the same disease or condition of which the pre-existing condition was a symptom or part" (*Matter of Harisiades v Sutter French Confections*, 32 AD2d at 982 [internal quotation marks omitted]; *see Matter of Freer v New Process Gear*, 237 AD2d 869, 870 [1997]; *Matter of McIntosh v Healy Constr. Co.*, 17 AD2d 544, 545-546 [1963], *lv denied* 12 NY2d 648 [1963]). Furthermore, the record does not allow meaningful review as to whether the carrier has sufficiently demonstrated that claimant's preexisting ailments created a permanent impairment that hindered job potential (*see Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]; *Matter of Bushey v Schuyler Ridge*, 77 AD3d at 1007). Accordingly, the matter must be remitted for further development of the record.

Lahtinen, J.P., Kavanagh and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.