Kavanagh, J.
Appeal from a decision of the Workers’ Compensation Board, filed September 21, 2010, which, among other things, ruled that the employer’s workers’ compensation carrier is entitled to reimbursement from the Special Disability Fund.
On November 15, 2006, claimant, an assistant project manager, sustained work-related injuries to her back, neck and left shoulder while helping move sheetrock and was later classified as having a permanent partial disability. The workers’ compensation carrier’s medical expert noted in a medical report and deposition testimony that claimant suffered from various preexisting physical impairments, including asthma, lyme disease, migraines and cervical disc herniation. Consequently, the employer and its workers’ compensation carrier sought reimbursement from the Special Disability Fund pursuant to Workers’ Compensation Law § 15 (8) (d). The Workers’ Compensation Board granted the application in a September 21, 2010 decision, concluding that “claimant suffered from a prior permanent condition of asthma and as a result, the claimant’s current disability was materially and substantially greater than that which could be ascribed to the compensable injury alone” (Employer: Glenman Indus. & Commercial Contr., 2010 WL 3630101, *2, 2010 NY Wrk Comp LEXIS 7937, *4 [WCB No. 5070 1647, Sept. 21, 2010]). The Fund filed a notice of appeal therefrom. Subsequently, the Board issued an amended decision reaching the same conclusion while, among other things, adding certain additional facts and analysis, and denied the Fund’s application for full Board review.*
We reverse. “To qualify for reimbursement from the Fund, the employer must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011] [citations omitted]; see Workers’ Compensation Law § 15 [8] [d]; Matter of Brown v Guilderland *1518 Cent. School Dist., 82 AD3d 1523, 1523 [2011]). Here, the Board referenced several of claimant’s prior medical conditions; however, it specifically concluded that claimant’s preexisting impairment of asthma was sufficiently shown to satisfy the above criteria. Nonetheless, while the carrier’s expert did testify that “asthma is always a prior permanent condition,” he acknowledged that he found only one reference in claimant’s prior medical records that she was using an inhaler and he was sure that her asthma was “under control.” Moreover, the record contains no reports or testimony that claimant was under any restrictions at work because of the asthma or that it had presented any “hindrance to her employment” (Matter of Grabinsky v First At Nursing Servs., 79 AD3d 1494, 1495 [2010]; see Matter of Burley v Theriault Transp., 85 AD3d at 1424). Inasmuch as the record lacks proof “that claimant suffered from a preexisting permanent impairment that hindered her job potential, we find that the Board’s determination was not supported by substantial evidence” (Matter of Kakuriev v Home Serv. Sys., LLC, 80 AD3d 1033, 1034 [2011]).
In light of this result, it is unnecessary to address the remaining arguments advanced by the parties.
Peters, P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.

 Although the Fund only filed a notice of appeal from the Board’s September 2010 decision, inasmuch as the amended decision is not materially different and the employer’s claim of prejudice is not persuasive, we will exercise our discretion and treat this as a valid appeal from the amended decision (see CPLR 5520 [c]; Matter of Kucuk v Hickey Freeman Co., Inc., 78 AD3d 1259, 1260 n 1 [2010]; Matter of Church v Arrow Elec., Inc., 69 AD3d 983, 984 n 2 [2010]).