■ In the Matter of the Claim of KENNETH MURPHY, Respondent, v RIVERSIDE GAS & OIL et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [951 NYS2d 764]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed January 28, 2011, as amended by decision filed January 14, 2012, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant was employed as an oil truck driver for over 20 years. In 2004, he applied for workers' compensation benefits based upon pain in his right shoulder and rotator cuff that was the result of traveling "over many miles for years of work." His claim was established with a date of injury of October 7, 1998 and a date of disability of August 4, 2004. Claimant eventually underwent surgery on his rotator cuff in 2007. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) due to, among other things, preexisting right shoulder problems. Ultimately, the Workers' Compensation Board granted the employer's application and the Fund now appeals.

We reverse. "To qualify for reimbursement from the Fund, the employer must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and

substantially greater than would have resulted from the work-related injury alone" (*Matter of Burley v Theriault Transp.*, 85 AD3d 1423, 1423 [2011] [citations omitted]; *see Matter of Pinter v Louis J. Kennedy Trucking Corp.*, 82 AD3d 1481, 1481 [2011]). Here, in his application for benefits, claimant referred to his injury as occurring as the result of many years of driving and delivering oil. Further, claimant informed his treating physician in 1998 that he had intermittently suffered from right shoulder discomfort in the past, which had usually "cleared up" over time. The discomfort had progressed to the point in 1998, however, where, according to claimant, it was interfering with the performance of his job duties and certain daily activities. Thereafter, claimant was diagnosed with mild impingement syndrome in his right shoulder in the form of rotator cuff bursitis or tendinitis. The employer's medical expert, who the Board relied on in determining that the employer was eligible for reimbursement, opined that claimant also suffered from mild impingement syndrome of the right shoulder prior to 1998, which the expert opined was a preexisting permanent impairment that hindered his job potential.

Based upon our review of the record, there is not sufficient evidence to determine whether claimant's subsequent condition was "separable from the prior pre-existing permanent condition and not merely . . . the culmination or the progressive process of the same disease or condition of which the pre-existing condition was a symptom or part" (*Matter of Harisiades v Sutter French Confections*, 32 AD2d 981, 982 [1969] [internal quotation marks and citation omitted]; *accord Matter of Brown v Guilderland Cent. School Dist.*, 82 AD3d 1523, 1524 [2011]). Accordingly, the decision must be reversed and the matter remitted for further development of the record.

Lahtinen, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.