■ In the Matter of the Claim of JOANN LADUKE, Respondent, v SCHENECTADY COMMUNITY ACTION PROGRAM et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [959 NYS2d 290]—

Garry, J. Appeal from a decision of the Workers' Compensation Board, filed February 10, 2012, which ruled that the employer is entitled to reimbursement from the Special Disability Fund.

Claimant had been working for the self-insured employer for almost 20 years, most recently as its transportation coordinator, when she sustained back and shoulder injuries in May 2002 while assisting students exiting a bus. Thereafter, the employer sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d). Following proceedings, the Workers' Compensation Board found that, due to claimant's preexisting diabetes and obesity, the Fund was liable and the Fund now appeals.

We reverse. To be entitled to reimbursement from the Fund, an employer must establish " 'that the claimant had a preexisting permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone' " (*Matter of Southard v Corning Hotel Corp.*, 95 AD3d 1519, 1519-1520 [2012], quoting *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-

894 [1992]; *see Matter of Pinter v Louis J. Kennedy Trucking Corp.*, 82 AD3d 1481, 1481 [2011]). We find merit in the Fund's contention that the employer failed to demonstrate that claimant's preexisting conditions hindered her job potential.

Examining first the issue of claimant's diabetes, the existence of that disease alone has not been held sufficient to establish a preexisting permanent condition that hinders employment for the purposes of Workers' Compensation Law § 15 (8) (d) (*see Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]; *Matter of Sturtevant v Broome County*, 188 AD2d at 894; *compare Matter of Dupuis v Frito Lay*, 74 AD3d 1618, 1618 [2010]). To the contrary, preexisting conditions that are controlled by medication have been found, without more, not to constitute a hindrance to employability (*see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp.*, 95 AD3d 1516, 1518 [2012]; *Matter of Bushey v Schuyler Ridge*, 77 AD3d 1006, 1007 [2010]). Here, the Board principally relied on the medical opinion of orthopedic surgeon Stephen Zolan, who performed a medical record review in April 2010 and found claimant to suffer, as a result of her diabetes, from peripheral neuropathy in her lower extremities as well as optical neuropathy. However, Zolan acknowledged that there was no diagnosis of either condition before the May 2002 incident. Indeed, claimant testified that, although she had suffered from diabetes for over 20 years, it was controlled through oral medication and had never affected her ability to perform her job. Claimant further stated unequivocally that she did not experience problems with her vision and that her peripheral neuropathy was not detected until June 2004.

With regard to her obesity, claimant testified that she had always been heavy and it had never affected her ability to perform her job duties. In any event, claimant testified that she had never been diagnosed with a medical condition that caused her obesity, and there is no instance in which obesity, lacking a medical basis that would ensure permanency, has been found to be a preexisting condition (*see Matter of Shirley v Triangle Maintenance Corp.*, 41 AD2d 800, 801 [1973]; *compare Matter of Durdaller v Liberty Prods. Corp.*, 16 AD2d 849, 849-850 [1962], *affd* 12 NY2d 787 [1962]). Accordingly, the Board's decision is not supported by substantial evidence (*see Matter of Kakuriev v Home Serv. Sys., LLC*, 80 AD3d 1033, 1034 [2011]; *Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d at 1495).

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.