■ In the Matter of the Claim of MARILYN MINICHELLI, Respondent, v MAINE-ENDWELL CENTRAL SCHOOL DISTRICT et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [961 NYS2d 342]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed November 17, 2010, which ruled that the employer's workers' compensation carrier is not entitled to reimbursement from the Special Disability Fund.

Claimant was awarded workers' compensation benefits for an injury and resulting permanent disability to her left hand and wrist due to a slip and fall accident that occurred while she was employed in 2000. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8). Following a hearing, a Workers' Compensation Law Judge determined that the carrier was not entitled to reimbursement and noted that such determination was made without prejudice. On appeal, the Workers' Compensation Board modified the determination to reflect that it was made with prejudice and, otherwise, affirmed. The carrier now appeals.

To be entitled to reimbursement, it was incumbent upon the carrier to show that claimant had a preexisting permanent condition that hindered her job potential, that she suffered a subsequent work-related injury and that she sustained a permanent disability—due to both conditions—that is materially and substantially greater than that which would have been caused by the work-related injury alone (*see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp.*, 95 AD3d 1516, 1517 [2012]; *Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]). While the record reflects that claimant had preexisting medical conditions—including asthma, high cholesterol, arthritis and anxiety—there is no evidence that these conditions hindered or were likely to hinder claimant's job potential. According to claimant, and as indicated by her medical records, at the time of her accident her preexisting conditions were adequately controlled by medication, she was working full time with no restrictions and she had not missed time

from work due to the preexisting conditions. Accordingly, we find that the Board's decision denying reimbursement is supported by substantial evidence (*see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp.*, 95 AD3d at 1518; *Matter of Pinter v Louis J. Kennedy Trucking Corp.*, 82 AD3d 1481, 1481-1482 [2011]).

Peters, P.J., Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.