Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed April 5, 2012, which, among other things, ruled that the employer’s workers’ compensation carrier is not entitled to reimbursement from the Special Disability Fund.
Claimant injured her back while working for the employer in 2007 and thereafter was awarded workers’ compensation benefits. Upon learning that claimant suffered from preexisting hypertension and bilateral degenerative joint disease of the knees, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) applied for *1044 reimbursement from the Special Disability Fund (see Workers’ Compensation Law § 15 [8] [d]). Following a hearing, the Workers’ Compensation Law Judge found, among other things, that the carrier was entitled to reimbursement from the Fund based upon the preexisting knee condition. Upon review, the Workers’ Compensation Board modified, reversing that portion of the Workers’ Compensation Law Judge’s decision granting reimbursement, and the carrier now appeals.
“To qualify for reimbursement from the Fund, the [carrier] must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011] [citations omitted]; see Matter of Zeppieri v Hofstra Univ., 94 AD3d 1288, 1289 [2012]; Matter of Kakuriev v Home Serv. Sys., LLC, 80 AD3d 1033, 1034 [2011]). In this regard, “preexisting conditions that are controlled by medication have been found, without more, not to constitute a hindrance to employability” (Matter of LaDuke v Schenectady Community Action Program, 102 AD3d 1069, 1070 [2013]).
Here, claimant testified that her preexisting knee condition caused her only intermittent pain that, in turn, was treated with over-the-counter or prescription pain medicine as needed (see Matter of Bushey v Schuyler Ridge, 77 AD3d 1006, 1007 [2010]). Claimant also testified that, despite whatever pain she experienced in this regard, she continued to work — without any restrictions or accommodations — and did not incur any lost time from work as a result of her preexisting knee condition (see Matter of Pinter v Louis J. Kennedy Trucking Corp., 82 AD3d 1481, 1481 [2011]; Matter of Grabinsky v First At Nursing Servs., 79 AD3d 1494, 1495 [2010]). Further, although the carrier’s expert opined that, due to claimant’s preexisting knee condition claimant’s work-related disability was materially and substantially greater than it otherwise would have been, he did not state that the preexisting condition hindered claimant’s employment. Accordingly, we find that substantial evidence supports the Board’s decision (see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp., 95 AD3d 1516, 1518 [2012]; Matter of Burley v Theriault Transp., 85 AD3d at 1424; Matter of Kakuriev v Home Serv. Sys., LLC, 80 AD3d at 1034; Matter of Horwath v BSB Inns, Inc., 79 AD3d 1553, 1554 [2010]; Matter of Sturtevant v Broome County, 188 AD2d 893, 894 [1992]; compare Matter of Zeppieri v Hofstra Univ., 94 AD3d at 1289).
*1045 Peters, EJ., Lahtinen and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.