■ In the Matter of the Claim of LEWIS L. DALABA, Respondent, v. MT. VIEW CEMETERY ASSOCIATION, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent. — HERLIHY, J. The Special Disability Fund appeals from the board's decision which determined it liable for compensation benefits pursuant to subdivision 8 of section 15. The claimant was hired as a laborer. His work included grave digging, mowing, painting and repairs. During the course of his employment he fell and injured his back and the board has found the Special Fund liable inasmuch as the employer had knowledge of a pre-existing physical impairment, the loss of his left index finger. The claimant testified that the loss of the finger did not interfere with his work and that the employer had knowledge of this permanent condition. The board found " The employer is deceased and has not testified". We note that the employer is a corporation and we assume that some employee of the employer is deceased and did not testify. The employer offered no other proof as to an " informed judgment" at the time of hiring. The fact that the claimant was able to do his work is immaterial. What is material is the fact that when he was employed in the first instance, he was suffering from an obvious physical impairment and the board was justified in finding that the employer observed the condition, had knowledge that it was a permanent impairment and inferentially that it was likely to be a handicap (*Matter of Doroshenko* v. *General Motors Corp.*, 20 A D 2d 744). The condition was obvious to anyone who saw the claimant; that it was likely to adversely influence an employer in deciding whether to employ him was also self-evident. (*Matter of Sheldon* v. *Doughty's Laundry Serv.*, 4 A D 2d 909.) The factual situation comes within the framework of our holding that whether the nature of the permanent injury is " so small as to have no measurable effect on employment", it is fairly debatable and therefore is in the area of fact finding. (*Matter of Torelli* v. *Robert Hall Clothes*, 9 A D 2d 147, 149.) Decision affirmed, with costs to respondents filing briefs. GIBSON, P. J., REYNOLDS, TAYLOR and HAMM, JJ., concur.