■ In the Matter of the Claim of KARL MONTAG, Respondent, v COLUMBIA CORPORATION et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed November 22, 1974, which charged the Special Disability Fund with liability under subdivision 8 of section 15 of the Workmen's Compensation Law. The claimant, a 61-year-old mechanic who had been employed by this employer for about 18 years, fell through a hatchway on April 22, 1969, while engaged in his employment. He sustained a fractured skull, cerebral concussion, and multiple rib fractures, and was found to have a permanent partial disability as a result of head injuries. Following the filing of a claim therefor, the board found that the employer was entitled to reimbursement from the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law because of a prior physical impairment, which consisted of partial amputation of the small and ring fingers of claimant's left hand. The Special Fund takes the position that the claimant's present disability is due entirely to the accident and injury of April 22, 1969, and that there is no

proof that his prior physical impairment plays any part in the disability that followed the accident. The sole issue on this appeal is whether there is substantial evidence to support the board's finding that the claimant's over-all disability was materially and substantially greater than would have resulted from the subsequent injury alone. The record contains a statement by the employer's personnel director to the effect that he knew from his own observation and from claimant's employment record that claimant had an amputation of the ring and small fingers of his left hand in July, 1963. He also states that this physical defect of the hand was plainly visible and obviously permanent due to the amputation of fingers; that claimant was able to perform his job, but was somewhat handicapped compared to a person with "a complete hand". What is material to the issue to be determined is the fact that the claimant was suffering from an obvious physical impairment when he was first employed, and the board was justified in finding that the employer observed the condition, had knowledge that it was a permanent impairment, and that it was likely to be a handicap. The condition was obvious to anyone who saw the claimant and it was also self-evident that it was likely to adversely influence an employer in deciding whether to employ him. The fact that the claimant was able to perform the duties of his employment is immaterial. "The factual situation comes within the framework of our holding that whether the nature of the permanent injury is 'so small as to have no measurable effect on employ-ment', it is fairly debatable and therefore is in the area of fact finding." *(Matter of Dalaba v Mt. View Cemetery Assn.,* 24 AD2d 688.) Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Main and Rey-nolds, JJ., concur.