■     In the Matter of the Claim of FRED O'REILLY, Respondent, v RAYMOND CONCRETE PILING, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from an amended decision of the Workers' Compensation Board, filed November 17, 1977, which discharged the Special Disability Fund from liability. The board amended its original decision of March 3, 1977 by citing Dr. Williams' testimony "that the claimant will be unable to do the kind of work that he did prior to this accident and that he attributes this disability to the injury of 1969." The board thus found, after reviewing the record, that, "based upon the credible medical evidence in the record, including the testimony of Dr. Williams * * * the claimant's present disability is due solely to his 1969 accident." This conclusion finds support in the record and we are unable to disturb it. Decision affirmed, with costs to respondents filing briefs against the employer and its insurance carrier. Greenblott, J. P., Larkin and Herlihy, JJ., concur; Sweeney and Kane, JJ., dissent and vote to reverse in the following memorandum by Sweeney, J. Sweeney, J. (dissenting). We are unable to agree with the majority and, therefore, dissent and vote to reverse. Liability under the Special Disability Fund is imposed where a subsequent disability occurs after an employee is continued in employment with the employer's knowledge that the employee has a permanent physical impairment, which was or was likely to be a hindrance to employment, and the subsequent disability results in a permanent disability caused by both conditions which is materially and substantially greater

than that which results from a subsequent injury alone *(Matter of Greico v Greico Elec. Co.,* 52 AD2d 1011). The board made no finding as to the employer's knowledge of claimant's permanent physical impairment as a result of his 1957 injury nor was a finding made concerning whether this impairment was or was likely to be a hindrance to employment. In deciding that claimant's disability was due solely to the 1969 accident, the board impliedly determined that his disability was not materially and substantially greater than would have resulted from the 1969 injury alone. In our view, there is an absence of substantial evidence to support such a determination. Although there was medical testimony to the effect that due to the 1969 injury claimant was disabled from doing the work he was engaged in prior to that injury and that such disability was related to that injury, such testimony does not establish that claimant's over-all disability was not materially and substantially greater than would have resulted from the 1969 injury alone. In a recent case where the board held the Special Disability Fund liable although the facts were strikingly similar to the instant case, this court, in addressing the same issue as presented here, stated that where it is fairly debatable whether the nature of the permanent injury is so small as to have no measurable effect on employment, the issue is one for the fact finder *(Matter of Montag v Columbia Corp.,* 53 AD2d 968). Even so, the finding by the board must be supported by substantial evidence and we find no such evidence in the present record. The fact that claimant's disability resulting from his 1969 injury has disabled him from doing the same work he did prior to such injury is insufficient to establish that his over-all disability from both his injuries would not be substantially and materially greater than what has resulted from the subsequent injury alone. This is not a case where the subsequent injury causes a total and permanent disability (see *Matter of Andersen v New York Hosp.,* 5 AD2d 730). Consequently, the decision should be reversed and the matter remanded for further proceedings to establish the effect of claimant's prior physical impairment on his over-all present disability.