■ In the Matter of the Claim of IRVING FISCHER, Respondent, v PRINCESS RIBBON CORPORATION et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Casey, J. Appeal from an amended decision of the Workers' Compensation Board, filed October 8, 1986.

The Special Disability Fund objects to the finding of the Workers' Compensation Board that the employer and its

insurance carrier are entitled to reimbursement under Workers' Compensation Law § 15 (8) for death benefits paid to claimant's widow and minor child. Workers' Compensation Law § 15 (8) (e) authorizes reimbursement if the compensable injury (in this case, death) was contributed to by a preexisting permanent physical impairment (*Matter of Bellucci v Tip Top Farms,* 24 NY2d 416, 418). Although the statute contains no express requirement that the employer have knowledge of the preexisting impairment, the courts have implied such a requirement from the policy underlying the statute (*supra,* at 419), and the Special Disability Fund contends that the Board erred in finding that this requirement had been satisfied. The employer points out that, effective July 27, 1987, Workers' Compensation Law § 15 (8) (e) was amended to make its provisions applicable "regardless of knowledge on the part of the employer as to the existence of such pre-existing permanent physical impairment" (L 1987, ch 422). The employer urges us to give retroactive effect to this amendment (*see, Becker v Huss Co.,* 43 NY2d 527; *Matter of Mealing v Hills,* 132 AD2d 759), but we see no need to reach this issue since there is substantial evidence in the record to support the Board's finding as to the knowledge requirement.

The Special Disability Fund argues that the employer must not only have knowledge of the preexisting impairment, but that the employer also must make an "informed decision" to retain claimant based on this knowledge. The knowledge requirement is satisfied, however, "if the prior physical impairment is in fact permanent, and the employer hires or continues in employment a worker with knowledge of the impairment and a good faith belief of its permanency" (*Matter of Bellucci v Tip Top Farms, supra,* at 420). In this case, it is undisputed that claimant had a preexisting impairment which was permanent, that he was continued in his employment and that the secretary/treasurer of the employer knew of the preexisting impairment and had a good-faith belief that the impairment was permanent. The Special Disability Fund's argument concerning the need for an "informed decision" is without merit (*see, Matter of Ferry v Jamestown Malleable Iron Div.,* 35 AD2d 870).

The Special Disability Fund also argues that the Board failed to pass on the issue of whether claimant's preexisting impairment contributed to his death and that, in any event, the record lacks substantial evidence to support a finding that the preexisting impairment was a contributing factor. We find no merit in either aspect of this argument. The Board's

decision expressly recognized the Special Disability Fund's claim concerning the absence of any "contribution between the pre-existing condition and the demise", and our review of the record establishes the existence of substantial evidence to support the Board's conclusion on the issue raised by the claim. The decision should, therefore, be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.