■ In the Matter of the Claim of SANDY DUPUIS, Respondent, v FRITO LAY et al., Respondents, and SPECIAL DISABILITY FUND, Appellant.WORKERS' COMPENSATION BOARD, Respondent. [903 NYS2d 212]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed March 23, 2009, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant sustained a work-related knee injury and received workers' compensation benefits. The employer's workers' compensation carrier sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) asserting that claimant's diabetes, among other preexisting conditions, had contributed to his disability. The Workers' Compensation Board ultimately granted the carrier's application, and the Special Disability Fund now appeals.

In order to obtain reimbursement under Workers' Compensation Law § 15 (8) (d), the carrier was obliged to show that claimant had (1) a preexisting permanent impairment that hindered his job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than what would have arisen from the work-related injury by itself (*see Matter of Li v Southern Garden, Inc.*, 69 AD3d 1175, 1176-1177 [2010]; *Matter of Guarascio v Spargo Wire Co.*, 32 AD3d 1148, 1149 [2006]). We are unpersuaded by the Special Disability Fund's contention that the Board erred in finding that the first and third prongs were satisfied herein. As relevant to the first prong, an orthopedic surgeon who examined claimant testified that claimant's preexisting and insulin-dependent diabetes hindered his ability to perform certain types of employment. With respect to the third prong, that surgeon further stated that, due to his diabetes, claimant should not take anti-inflammatory drugs in connection with the treatment of his knee injury. Additionally, another examining physician explicitly opined that claimant's diabetes led to a permanent disability materially and substantially greater than one caused by the knee injury alone. This medical proof provides substantial evidence to support the Board's decision (*cf. Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]), notwithstanding the fact that other

evidence in the record could support a contrary result (*see generally Matter of Li v Southern Garden, Inc.*, 69 AD3d at 1177; *Matter of Flynn v Managed Care, Inc.*, 27 AD3d 794, 796 [2006], *lv denied* 7 NY3d 717 [2006]).

Mercure, Peters, Kavanagh and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.