◼ In the Matter of the Claim of GEORGE J. HORWATH, Claimant, v BSB INNS, INC., et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [914 NYS2d 355]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed July 1, 2009, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant sustained a work-related back injury in 1998, and that injury was found to have rendered him permanently partially disabled. He had suffered a variety of arm, leg and back injuries prior to the 1998 accident, and the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) applied for reimbursement from the Special Disability Fund (see Workers' Compensation Law § 15 [8] [d]). The Workers' Compensation Board granted that application, and the Fund appeals.

We reverse. In order to obtain reimbursement from the Fund, the employer must "show that claimant had (1) a preexisting permanent impairment that hindered his job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than what would have arisen from the work-related injury by itself" (Matter of Dupuis v Frito Lay, 74 AD3d 1618, 1618 [2010]; see Matter of Li v Southern Garden, Inc., 69 AD3d 1175, 1176-1177 [2010]). Here, the Fund argues that the employer did not show that claimant's preexisting conditions hindered or were likely to hinder his employment potential.* We agree. The doctors who examined claimant on behalf of the employer noted the existence of the prior injuries, but offered no opinion as to whether any of them constituted an actual or likely hindrance to employability. Indeed, no evidence, either medical or otherwise, was submitted to show that those prior injuries had any ongoing effect on claimant's employment potential. Given the employer's failure to meet its burden on this issue—and, indeed, the Board's failure to make any explicit findings with regard to it—the Board's decision is not supported by substantial evidence in the record and must be reversed (see

---

* The Fund raised this issue both before the workers' compensation law judge and the Board, contrary to the employer's contention.

*Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1464, 1465 [2010]; *Matter of Chadwick v Mallinkrodt Anesthesia Prods.*, 264 AD2d 953, 953-954 [1999]; *Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]; *Matter of De Dominic v Schlitz Brewing Co.*, 30 AD2d 578, 579 [1968]).

In light of the foregoing, we need not address the Fund's remaining argument.

Spain, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.