■ In the Matter of the Claim of Leroy Burley, Claimant, v Theriault Transport et al., Respondents, and Special Disability Fund, Appellant. Workers' Compensation Board, Respondent. [925 NYS2d 676]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 11, 2010, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant, a truck driver for the employer, sustained multiple injuries in a head-on collision while driving a cement truck in July 2004, the most severe of which was a massive tear of his left rotator cuff. He was awarded benefits based upon his injuries. Prior to 2004, claimant suffered from an array of maladies, and had back surgery in 1994. Hence, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) applied for reimbursement from the Special Disability Fund (*see* Workers' Compensation Law § 15 [8] [d]). The Workers' Compensation Board granted the application, and the Fund appeals.

We reverse. To qualify for reimbursement from the Fund, the employer must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone (*see Matter of Horwath v BSB Inns, Inc.*, 79 AD3d 1553, 1554 [2010]; *Matter of Dupuis v Frito Lay*, 74 AD3d 1618, 1618 [2010]). We agree with the Fund's contention that the employer failed to demonstrate that any of claimant's preexisting conditions hindered or were likely to hinder his

employment potential. The carrier's independent medical examiner, while opining that claimant's residual disability from his spine surgery would have been mild and permanent, offered no opinion as to the effect of that disability on claimant's employability. Furthermore, claimant's testimony established that he was continuously employed as a truck driver for 20 years prior to his 2004 accident. Accordingly, because the employer failed to meet its burden with regard to employability and the Board failed to make any explicit findings in this regard, we find that the decision is not supported by substantial evidence (*see Matter of Horwath v BSB Inns, Inc.*, 79 AD3d at 1554-1555; *Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]).

Spain, Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.