In the Matter of the Claim of JOSEPH ZEPPIERI, Respondent, v HOFSTRA UNIVERSITY et al., Respondents, and SPECIAL DISABILITY FUND Appellant. WORKERS' COMPENSATION BOARD, Respondent. [942 NYS2d 288]—

*McCarthy, J.* Appeal from a decision of the Workers' Compensation Board, filed February 24, 2011, which ruled that the employer's workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.

Claimant, a truck driver for the employer for approximately 10 years, suffered an injury to his back while operating a tractor in May 2005. His claim for workers' compensation benefits was established and he was eventually classified as having a permanent partial disability in March 2008. Meanwhile, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) due to, among other things, preexisting

back and heart problems. Ultimately, the Workers' Compensation Board granted the application and the Fund now appeals.

We affirm. To establish entitlement to reimbursement from the Fund, a carrier must demonstrate that the claimant suffered from a preexisting permanent physical impairment that hindered or was likely to hinder job potential, that claimant suffered a subsequent employment-related injury and that the result was a permanent disability caused by both conditions that is materially and substantially greater than it would have been had it resulted from the employment-related injury alone (*see* Workers' Compensation Law § 15 [8] [b], [d]; *Matter of Burley v Theriault Transp.*, 85 AD3d 1423, 1423 [2011]; *Matter of Pinter v Louis J. Kennedy Trucking Corp.*, 82 AD3d 1481, 1481 [2011]). The question with regard to the first requirement is not whether the preexisting condition is an obstacle or handicap to the claimant's particular employment but, rather, whether it would be a hindrance to the claimant's general employability (*see Matter of Shepler v City of Tonawanda*, 67 AD3d 1313, 1314 [2009]; *Matter of De Dominic v Schlitz Brewing Co.*, 30 AD2d 578, 579 [1968]).

Here, the carrier submitted the results of an independent medical examination from a physician who reviewed claimant's medical files from March 1996—just prior to claimant's heart attack—through October 2008. This uncontroverted report opines that claimant's preexisting back and cardiac conditions were permanent in nature and were a hindrance to employment. Specifically, the report states that back problems such as those suffered by claimant limit the ability to lift, sit for long periods and get in awkward positions, hindering employment such as truck driving, construction and other laboring-type activities. Additionally, the report states unequivocally that claimant's current disability is materially and substantially greater as a result of his prior medical conditions than it would have been as the result of the May 2005 accident alone. Thus, despite testimony from claimant that he was not hindered in the performance of his job by his prior medical conditions, we find that substantial evidence supports the Board's decision (*see Matter of Fischer v Princess Ribbon Corp.*, 135 AD2d 962, 963-964 [1987]; *compare Matter of Burley v Theriault Transp.*, 85 AD3d at 1424; *Matter of Grabinsky v First At Nursing Servs.*, 79 AD3d 1494, 1495 [2010]).

The Fund's remaining contentions have been examined and found to be either unpreserved or without merit.

Mercure, J.P., Lahtinen, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.