In the Matter of the Claim of SANDRA SOUTHARD, Respondent, v CORNING HOTEL CORPORATION et al., Appellants and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [944 NYS2d 773]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2010, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8) (d).

In April 2004, claimant suffered a work-related injury to her back and left hip and was awarded workers' compensation benefits.* The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d), asserting that claimant's preexisting arteriovenous malformation had contributed to her disability. The Workers' Compensation Board ultimately determined that Workers' Compensation Law § 15 (8) (d) did not apply and the employer now appeals.

We affirm. To obtain reimbursement from the Fund, an employer must establish "that the claimant had a preexisting

---

* Claimant also suffered a work-related injury in August 2004. That claim is not a subject of this appeal.

permanent impairment that hindered job potential, a subsequent injury arising out of and in the course of employment, and a permanent disability caused by both conditions materially and substantially greater than what would have been caused by the work-related injury alone" (*Matter of Sturtevant v Broome County*, 188 AD2d 893, 893-894 [1992]; *accord Matter of Burley v Theriault Transp.*, 85 AD3d 1423, 1424 [2011]; *Matter of Brown v Guilderland Cent. School Dist.*, 82 AD3d 1523, 1523 [2011]). Here, the Board concluded that the employer had not met the third prong of this test. The employer's medical expert opined that claimant suffers from a permanent marked partial disability of the lumbar spine. The record reflects that claimant also suffered from arteriovenous malformation and underwent brain surgery in 1999. While the surgery alleviated many of her symptoms, claimant still suffers from migraine headaches that cause her to call in sick to work on occasion. The medical expert concluded that this preexisting condition and the lumbar spine injury constituted a permanent disability that was materially and substantially greater than that caused solely by the lumbar spine injury.

We note, however, that "[t]he mere fact that the sum of the disabilities is materially greater than the subsequent disability alone is not sufficient to hold the . . . Fund liable" but, instead, the preexisting impairment "must increase the compensation liability above that which the employer would have incurred as a result of the subsequent injury alone" (*Matter of Saletta v Allegheny Ludlum Steel Corp.*, 62 AD2d 360, 362 [1978], *lv denied* 45 NY2d 711 [1978]; *see Matter of Eimers v Lee's Rest.*, 162 AD2d 850, 852 [1990]). In fact, the employer's expert stated that claimant's headaches, which she has suffered from throughout her life, did not increase her overall disability (*see Matter of Saletta v Allegheny Ludlum Steel Corp.*, 62 AD2d at 362). Claimant herself testified that the headaches caused her to call in sick or leave work early at times, but that she did not have to change her job duties. Inasmuch as there is no evidence in the record that claimant's preexisting condition resulted in a disability materially and substantially greater than that caused by the April 2004 lumbar spine injury, we conclude that the Board properly discharged the Fund from liability.

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.