Mercure, J.E
Appeal from a decision of the Workers’ Compensation Board, filed September 9, 2011, which, among other things, ruled that the employer’s workers’ compensation carrier is entitled to reimbursement from the Special Disability Fund.
Claimant, a machine operator and supervisor, developed bilateral carpal tunnel syndrome and flexor tenosynovitis that became disabling in 2005. His claim for workers’ compensation benefits was established and he was eventually classified as having a permanent partial disability. Claimant subsequently obtained workers’ compensation benefits for a 2004 back injury that was determined to be permanent, prompting the employer and its workers’ compensation carrier (hereinafter collectively referred to as the employer) to apply for reimbursement from the Special Disability Fund (see Workers’ Compensation Law § 15 [8] [d]). The Workers’ Compensation Board granted the application, and the Fund now appeals.
In order to obtain “reimbursement from the Fund, the employer must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011]; see Matter of O’Reilly v Raymond Concrete Piling, 47 NY2d 891, 891-892 [1979]). The Fund’s sole argument upon appeal is that claimant’s back injury did not constitute a prior permanent impairment that hindered his ability to work. While claimant did not limit his work duties with the employer as a result of the back injury, the record reveals that his employer’s business closed and claimant was laid off a few days after it occurred. Claimant testified that the condition played a role in his subsequent job search, and the medical evidence in the record reflects that the injury was disabling and significantly restricted the type of work he could perform. Several doctors opined that the disability stemming from the back *1141 injury was permanent, and one stressed that the back injury enhanced claimant’s overall disability (cf. Matter of Southard v Corning Hotel Corp., 95 AD3d 1519, 1520 [2012]). Substantial evidence thus supports the Board’s determination that claimant had sustained “a preexisting permanent physical impairment which was or was likely to be a hindrance or obstacle to employment within the scope of the statutory provision” (Matter of Suarez v Freeport Mem. Lib., 140 AD2d 776, 777 [1988]; see Matter of Montag v Columbia Corp., 53 AD2d 968, 969 [1976], lv denied 40 NY2d 803 [1976]; cf. Matter of Grabinsky v First At Nursing Servs., 79 AD3d 1494, 1495 [2010]).
Malone Jr., Kavanagh, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.