Peters, P.J.
Appeal from a decision of the Workers’ Compensation Board, filed February 9, 2012, which ruled that the employer’s workers’ compensation carrier is entitled to reimbursement from the Special Disability Fund.
Claimant, a mechanic, sustained a work-related back injury in March 2003 when he fell off the rear of a truck onto his back and suffered a fractured vertebrae. Claimant received workers’ compensation benefits for six months, after which he returned to work. Subsequently, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) filed a claim for reimbursement from the Special Disability Fund pursuant to Workers’ Compensation Law § 15 (8) for, as relevant here, a right knee injury that claimant had sustained approximately 20 years earlier in a nonwork-related motorcycle accident. In March 2007, claimant suffered another work-related back injury while working for a different employer and, as of August 2008, his ongoing disability was apportioned 32.5% to his 2003 claim and 67.5% to his 2007 claim. Following proceedings relative to the carrier’s claim for reimbursement from the Fund, a Workers’ Compensation Law Judge held that claimant’s right knee injury constituted a permanent physical impairment that entitled the carrier to reimbursement. The Workers’ Compensation Board affirmed, and the Fund now appeals.
We affirm. To qualify for reimbursement from the Fund, an employer must show that a claimant “suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent dis *1049 ability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011]; see Workers’ Compensation Law § 15 [8] [b], [d]; Matter of Grabinsky v First At Nursing Servs., 79 AD3d 1494, 1495 [2010]). With regard to the first requirement, the issue is whether the claimant’s preexisting condition would be a hindrance to his or her general employability, not whether it was an obstacle or handicap to the claimant’s particular employment (see Matter of Zeppieri v Hofstra Univ., 94 AD3d 1288, 1289 [2012]; Matter of Shepler v City of Tonawanda, 67 AD3d 1313, 1314 [2009]).
Here, the carrier submitted both the results of an independent medical examination and the testimony of a physician who examined claimant and found that his right knee, among other things, had limited range of motion as compared with his left knee. The physician opined that claimant had a permanent impairment of the right knee that, had the injury been subject to workers’ compensation, would have constituted a 35% schedule loss of use and represented a hindrance to his employment as it would limit certain activities, such as repetitive squatting, kneeling and climbing. The physician further stated that claimant’s permanent disability due to all conditions, including his prior right knee injury, is materially and substantially greater than would have resulted from the 2003 back injury alone. Thus, despite contrary evidence in the record — including claimant’s testimony that, upon returning to work after his knee injury, he never again lost time or required medication as a result of that injury — we find that the Board’s decision is supported by substantial evidence (see Matter of Zeppieri v Hofstra Univ., 94 AD3d at 1289; Matter of Dupuis v Frito Lay, 74 AD3d 1618, 1618-1619 [2010]).
Spain, Garry and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.