Rose, J.
Appeal from a decision of the Workers’ Compensation Board, filed October 26, 2012, which ruled that the employer’s workers’ compensation carrier is not entitled to reimbursement from the Special Disability Fund.
Claimant sustained work-related injuries in 2001 and was awarded workers’ compensation benefits. Subsequently, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) sought reimbursement from the Special Disability Fund pursuant to Workers’ Compensation Law § 15 (8) (d). After considering the testimony of claimant, a physician retained by the carrier and a physician retained by the Fund, as well as reports prepared by the physicians, a Workers’ Compensation Law Judge found that the carrier was not entitled to reimbursement. On appeal, the Workers’ Compensation Board affirmed, prompting this appeal.
To establish its entitlement to reimbursement from the Fund, *1017 the carrier was required to demonstrate that “claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011]; see Workers’ Compensation Law § 15 [8] [d]). Initially, we find that the Board’s decision, as a whole, reflects that the Board applied the proper legal standard. Moreover, we find substantial evidence to support the Board’s decision that the carrier failed to prove that claimant’s preexisting osteoarthritis of the hips hindered or was likely to hinder her employment (see Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]; Matter of Minichelli v Maine-Endwell Cent. Sch. Dist., 104 AD3d 997, 997-998 [2013]; Matter of Weiner v Glenman Indus. & Commercial Contr. Corp., 95 AD3d 1516, 1518 [2012]). While the opinion offered by the carrier’s expert indicated that, generally, such a condition would cause pain and pose a hinderance to employment, the record does not reflect that claimant was experiencing pain due to her arthritic hip condition, that she missed any time from work or that she was under any restrictions prior to her workplace accident. Accordingly, we affirm.
Lahtinen, J.E, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.