Egan Jr., J.
Appeal from a decision of the Workers’ Compensation Board, filed February 27, 2013, which ruled that the employer’s workers’ compensation carrier is not entitled to reimbursement from the Special Disability Fund.
Claimant successfully applied for workers’ compensation benefits after injuring her left shoulder in 2004 and was found to have sustained a permanent partial disability. After learning that claimant suffered from, among other things, preexisting hypertension and degenerative disc disease, the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) applied for reimbursement from the Special Disability Fund (see Workers’ Compensation Law § 15 [8] [d]). The Workers’ Compensation Board denied the carrier’s application, prompting this appeal.
We affirm. In order to obtain reimbursement from the Fund pursuant to Workers’ Compensation Law § 15 (8) (d), the carrier “must demonstrate that claimant suffered from (1) a *1379 preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011]; accord Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]). Here, the Board found that the carrier failed to prove that claimant’s preexisting conditions hindered or were likely to hinder her job potential. While the carrier presented evidence from several physicians who opined that claimant’s hypertension and back condition posed a potential hindrance to her employability, neither the medical testimony nor any other evidence in the record indicated that such conditions in fact did so. Indeed, claimant testified that her hypertension and back condition had not affected her ability to work in any way, that she had only briefly sought treatment for back pain and that her hypertension was controlled with medication, and her treating physician confirmed that claimant’s hypertension was under “good control.” We therefore conclude that the Board’s decision is supported by substantial evidence (see Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d at 1366; Matter of Hartman v Top’s Mkt., Inc., 104 AD3d 1043, 1044 [2013]).
Peters, EJ., Stein, Garry and Clark, JJ., concur.
Ordered that the decision is affirmed, without costs.