## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 28, 2016                    521213
_____

In the Matter of the Claim of
    SHARON SZADEK,
                    Respondent,

        v

WILSON GREATBATCH et al.,
                    Appellants,            MEMORANDUM AND ORDER
        and

SPECIAL DISABILITY FUND,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

    Hamberger & Weiss, Rochester (Ronald E. Weiss of counsel),
for appellants.

    Steven M. Licht, Special Funds Conservation Committee,
Albany (Jill B. Singer of counsel), for Special Disability Fund,
respondent.

_____

Lynch, J.

    Appeal from a decision of the Workers' Compensation Board,
filed September 8, 2014, which ruled that the employer's workers'
compensation carrier is not entitled to reimbursement from the
Special Disability Fund.

Claimant successfully applied for workers' compensation benefits after injuring her neck and back in 2004 as a result of a slip and fall. After learning that claimant suffered from, among other things, preexisting anterior cruciate ligament reconstruction (left knee), a left ankle fracture, degenerative disc disease, cervical disc disease, obesity, spondylolisthesis and stenosis, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) applied for reimbursement from the Special Disability Fund (see Workers' Compensation Law § 15 [8] [d]). Following proceedings relative to the carrier's claim for reimbursement from the Fund, a Workers' Compensation Law Judge found that claimant had sustained a permanent partial disability and that the carrier was entitled to reimbursement. On appeal, a panel of the Workers' Compensation Board affirmed. Thereafter, upon full Board review, the Board found that the carrier was not entitled to reimbursement because it failed to meet its burden of showing that Workers' Compensation Law § 15 (8) (d) applies in this case. The carrier now appeals from the full Board's September 2014 decision.

We affirm. In order to obtain reimbursement from the Fund pursuant to Workers' Compensation Law § 15 (8) (d), the carrier "'must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone'" (Matter of Crane v Dalrymple Gravel & Contr. Holding, 117 AD3d 1378, 1378-1379 [2014], quoting Matter of Burley v Theriault Transp., 85 AD3d 1423, 1423 [2011]; accord Matter of Pawlitz–Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]). "With regard to the first requirement, the issue is whether the claimant's preexisting condition would be a hindrance to his or her general employability, not whether it was an obstacle or handicap to the claimant's particular employment" (Matter of Schworm v Frito Lay, Inc., 104 AD3d 1048, 1049 [2013]; see Matter of Zeppieri v Hofstra Univ., 94 AD3d 1288, 1289 [2012]; Matter of Shepler v City of Tonawanda, 67 AD3d 1313, 1314 [2009]).

Here, we agree with the Board that the carrier failed to prove that claimant's preexisting conditions hindered or were likely to hinder her employability (see Matter of Crane v Dalrymple Gravel & Contr. Holding, 117 AD3d at 1378-1379; Matter of Conway-Acevedo v Consolidated Edison Co. of NY, Inc., 114 AD3d 1016, 1017 [2014]). While the carrier presented evidence of claimant's medical conditions and treatment received prior to her 2004 work-related injury, as well as testimony from its medical expert, who opined that claimant's injuries to her left ankle and knee, spondylolisthesis, foraminal stenosis and degenerative disc disease were permanent in nature and would be a potential hindrance to certain types of employment, the expert's view was based upon generalities and speculation. Notably, the expert did not examine or conduct a medical interview of claimant (see Matter of Pawlitz–Delgaizo v Community Gen. Hosp., 106 AD3d at 1366; cf. Matter of Schworm v Frito Lay, Inc., 104 AD3d at 1049), and the expert reviewed only X rays of claimant's left ankle and knee taken in 2000 and did not review diagnostic studies of claimant's back or neck that predated claimant's 2004 work-related injury. The medical records reviewed by the expert also do not indicate that her preexisting medical conditions were permanent or that she could only work with restrictions. Indeed, claimant testified that, although she missed some work due to her injuries in July 2000, she returned to full-duty work without restrictions by October 2000 and explained that, prior to her 2004 injury, there were no jobs that she avoided due to her prior medical conditions (cf. Matter of Zeppieri v Hofstra Univ., 94 AD3d at 1289). She also testified that, at the time of her work-related injury in 2004, she did not have any pain or recurrent problems with her ankle or knee, had not yet received any treatment for her neck or back and was not actively receiving treatment for any medical conditions. We therefore conclude that the Board's decision is supported by substantial evidence (see Matter of Pawlitz–Delgaizo v Community Gen. Hosp., 106 AD3d at 1366; Matter of Hartman v Top's Mkt., Inc., 104 AD3d 1043, 1044 [2013]; Matter of Pinter v Louis J. Kennedy Trucking Corp., 82 AD3d 1481, 1481-1482 [2011]; Matter of Kakuriev v Home Serv. Sys., LLC, 80 AD3d 1033, 1034 [2011]; Matter of Bushey v Schuyler Ridge, 77 AD3d 1006, 1007 [2010]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.


ORDERED that the decision is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court