Garry, J.R
Appeal from a decision of the Workers’ Compensation Board, filed November 30, 2015, which ruled that the employer is entitled to reimbursement from the Special Disability Fund.
Claimant, a teacher of architectural detailing, sustained a work-related injury to his left shoulder and neck on November 28, 2005 and has not returned to work. His claim for workers’ compensation benefits was established and he was later classified as having a permanent partial disability. The employer ap *1486 plied for reimbursement from the Special Disability Fund relying upon medical records indicating that claimant had prior medical conditions that hindered his employment potential (see Workers’ Compensation Law § 15 [8] [d]). The Workers’ Compensation Board ultimately granted the application, and the Fund now appeals.
We affirm. In order to obtain reimbursement from the Fund pursuant to Workers’ Compensation Law § 15 (8) (d), the employer “must demonstrate that claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Szadek v Greatbatch, 135 AD3d 1279, 1280 [2016] [internal quotation marks and citation omitted]; accord Matter of Savage v American Home Care Supply, LLC, 132 AD3d 1047, 1047 [2015]; see Matter of O’Reilly v Raymond Concrete Piling, 47 NY2d 891, 892 [1979]). With respect to the first requirement that the Fund contends the employer did not establish, “the issue is whether the claimant’s preexisting condition would be a hindrance to his or her general employability, not whether it was an obstacle or handicap to the claimant’s particular employment” (Matter of Szadek v Greatbatch, 135 AD3d at 1280 [internal quotation marks and citation omitted]).
Here, the employer submitted a report from an independent medical reviewer, Mark Goodman, in which he concluded, based upon a review of claimant’s medical records that, prior to this 2005 work-related injury, claimant had several preexisting conditions, including a diagnosis of rheumatoid arthritis (hereinafter RA) made by his rheumatologists in 2002 and 2003, and hypertension. Goodman opined that claimant’s “overall condition and disability are materially and substantially greater than they otherwise would have been with the work injury of 1/28/05 alone.” The medical records reflect that, since 2002, claimant has been treated and received medication for RA and had decreased strength in his hand grip and periodic remissions and flare ups. Claimant testified in 2009 that he had been diagnosed with RA in both hands and one foot in 2002 or 2003, had taken several different medications and courses of treatment to address it and was told that it was a permanent condition. Claimant recounted that he could not use his hands to open and close or hold anything, cannot type on a keyboard, use a writing instrument or demonstrate skills to his students on the computer, and he can only use the *1487 computer for personal tasks for 10 to 15 minutes at a time. Claimant, who did not recall treating with one of the rheuma-tologists whose medical records were submitted into evidence, testified on cross-examination that he had no limitations at work and no difficulty using his hands to perform his teaching jobs prior to the work-related injury in 2005; he indicated that he first noticed problems with and weakness in his hands shortly after this injury. However, he admitted that even without his current neck and shoulder injury, he would not be able to work, as his RA caused pain and difficulties with the use of his hands and required ongoing treatment.
Despite claimant’s testimony that, prior to this injury, he did not limit his teaching duties, which the Board appears to have partially discounted, Goodman’s report and the medical records provide substantial evidence to support the Board’s factual determination that claimant’s RA, for which he was receiving ongoing treatment, was permanent, had restricted the use of his hands and represented “a hindrance to [his] general employability” (Matter of Zeppieri v Hofstra Univ., 94 AD3d 1288, 1289 [2012]; see Matter of Torres v Kaufman’s Bakery, 100 AD3d 1140, 1140-1141 [2012]; cf. Matter of Szadek v Greatbatch, 135 AD3d at 1280-1281; Matter of Savage v American Home Care Supply, LLC, 132 AD3d at 1048; Matter of Conway-Acevedo v Consolidated Edison Co. of N.Y., Inc., 114 AD3d 1016, 1017 [2014]). The Board further credited Goodman’s opinion, which was not contradicted by any proof, that claimant suffered from a “permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone” (Matter of Szadek v Greatbatch, 135 AD3d at 1280). Accordingly, substantial evidence supports the Board’s determination that the employer is entitled to reimbursement under Workers’ Compensation Law § 15 (8) (d).
Egan Jr., Rose, Devine and Aarons, JJ., concur.
Ordered that the decision is affirmed, without costs.