■ In the Matter of the Claim of MARIE MURPHY, Claimant, v NEWBURGH ENLARGED CITY SCHOOL DISTRICT, Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [58 NYS3d 708]—

Clark, J. Appeal from a decision of the Workers' Compensation Board, filed May 4, 2016, which ruled that the employer is not entitled to reimbursement from the Special Disability Fund.

Claimant, a school teacher, sustained work-related injuries to her back, neck and left hamstring in June 2007. The employer subsequently sought reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d) citing, among other things, claimant's preexisting asthma and previous injuries to her knees as prior physical impairments. A Workers' Compensation Law Judge thereafter found that the employer was entitled to reimbursement. The Workers' Compensation Board reversed that determination, finding that the employer had failed to demonstrate that claimant's preexisting medical conditions hindered or were likely to hinder her employment (see Workers' Compensation Law § 15 [8] [b]), and, therefore, reimbursement pursuant to Workers' Compensation Law § 15 (8) (d) was inapplicable. The employer now appeals.

"In order to be entitled to receive reimbursement from the Fund pursuant to Workers' Compensation Law § 15 (8) (d), the employer must demonstrate that the claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone" (Matter of Surianello v Consolidated Edison Co. of N.Y., Inc., 123 AD3d 1369, 1370 [2014] [internal quotation marks and citations omitted]; see Matter of Schworm v Frito Lay, Inc., 104 AD3d 1048, 1048-1049 [2013]). "The question with regard to the first requirement is not whether the preexisting condition is an obstacle or handicap to the claimant's particular employment but, rather, whether it would be a hindrance to the claimant's general employability" (Matter of Zeppieri v Hofstra Univ., 94 AD3d 1288, 1289 [2012] [citations omitted]; see Matter of Szadek v Greatbatch, 135 AD3d 1279, 1280 [2016]).

We agree with the Board that the employer did not demonstrate that claimant's preexisting asthma condition hindered, or was likely to hinder, her employability. The record reflects that, although claimant suffered from asthma since at least 1999, she was taking medication, including the use of an inhaler. The record contains no evidence that claimant was under any restrictions because of her asthma, that her asthma affected her ability to perform her job or that it hindered her employability. Notably, "preexisting conditions that are controlled by medication have been found, without more, not to constitute a hindrance to employability" (*Matter of LaDuke v Schenectady Community Action Program*, 102 AD3d 1069, 1070 [2013]; *see Matter of Weiner v Glenman Indus. & Commercial Contr. Corp.*, 95 AD3d 1516, 1518 [2012]). Although there was medical expert testimony that individuals with asthma should generally not work in areas that are "too hot or too humid" and should avoid fumes, dust, mold and pollen, the experts did not examine claimant or interview her. Given the lack of evidence that claimant's asthma was a hindrance to her employability, and inasmuch as the experts' opinions regarding whether asthma would be a potential hindrance to certain types of employment were based upon generalities and speculation, the Board's decision that reimbursement is inapplicable to her asthmatic condition is supported by substantial evidence (*see Matter of Szadek v Greatbatch*, 135 AD3d at 1281; *Matter of Pawlitz-Delgaizo v Community Gen. Hosp.*, 106 AD3d 1365, 1366 [2013]).

We agree with the employer, however, that the Board erred in denying reimbursement from the Fund without addressing whether claimant qualified for reimbursement due to osteoarthritis in her right knee. The Workers' Compensation Law Judge based his finding that reimbursement is applicable upon both claimant's asthma and her osteoarthritis. Accordingly, the matter must be remitted to the Board for consideration of this issue (*see Matter of Hill-Chapman v Earlybird Delivery Sys., LLC*, 130 AD3d 1223, 1224 [2015]; *Matter of Tucker v Fort Hudson Nursing Home*, 65 AD3d 1442, 1442-1443 [2009]).

Peters, P.J., Garry, Rose and Rumsey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.