Matter of Ricci v Maria Regina Residence (2018 NY Slip Op 08980)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Ricci v Maria Regina Residence

2018 NY Slip Op 08980

Decided on December 27, 2018

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 27, 2018

526199

[*1]In the Matter of the Claim of CYNDIA RICCI, Claimant,
vMARIA REGINA RESIDENCE et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: November 13, 2018
Before: McCarthy, J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for appellant.
Burke, Conway & Dillon, White Plains (Richard M. Ward of counsel), for Maria Regina Residence and another, respondents.

MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 21, 2017, which ruled, among other things, that the workers' compensation carrier is entitled to reimbursement from the Special Disability Fund.
Claimant, a licensed practical nurse, established a claim for a work-related injury to her right knee stemming from a September 3, 2004 accident that occurred while she was dispensing medication to patients. The employer's workers' compensation carrier filed a C-250 form seeking reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 15 (8) (d), indicating that claimant suffered from a variety of previous physical impairments prior to the 2004 accident, and citing, among other things, claimant's heart/aortic and arthritis conditions. The Fund contested the reimbursement request, claiming that the C-250 form was improperly completed in that the list of the prior physical impairments was too vague and conclusory. By decision filed August 21, 2017, the Workers' Compensation Board determined that the carrier properly complied with the requirements of the C-250 form for the purpose of identifying previous physical impairments. The Board further concluded that the carrier was entitled to reimbursement from the Fund, finding that the carrier had established that claimant's disability caused by both her prior permanent conditions involving heart/aorta and arthritis and her 2004 work-related injury is materially and substantially greater than that which would have been caused by the work-related injury alone. The Fund's subsequent request for reconsideration and/or full Board review was denied. The Fund appeals from the August 21, 2017 Board decision.
Initially, the Board is entitled to determine whether the content of forms for claims for reimbursement from the Fund provides the required information (see Matter of Vinovrski v Innovative Chem. Corp., 43 AD3d 1266, 1267 [2007]; see also Matter of Ceplo v Raymond Corp., 78 AD3d 1465, 1465 [2010]; Matter of Masotto v Atlantic & Pac. Tea Co., 70 AD2d 714, 714-715 [1979]). We find no basis upon which to disturb the Board's finding that the C-250 form submitted by the carrier was sufficient (see 12 NYCRR 300.5 [e]).
Turning to the merits, "[i]n order to obtain reimbursement from the Fund, the [carrier] must 'show that [the] claimant had (1) a preexisting permanent impairment that hindered his [or her] job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than what would have arisen from the work-related injury by itself'" (Matter of Horwath v BSB Inns, Inc., 79 AD3d 1553, 1554 [2010], quoting Matter of Dupuis v Frito Lay, 74 AD3d 1618, 1618 [2010]; see Workers' Compensation Law § 15 [8] [b], [d]). We agree with the Fund's contention that the record lacks substantial evidence to support the Board's finding that claimant's preexisting conditions hindered or were likely to hinder her employment potential. The Board relied upon the medical opinion of Robert Moriarty, an orthopedic surgeon who reviewed claimant's medical records. Moriarty opined in a 2009 report that claimant's preexisting conditions of congenital aortic valve disease with aortic insufficiency and supraventricular tachycardia generally would hinder or be an obstacle to general employability. In a 2010 addendum, Moriarty included — as a hindrance or obstacle to claimant's employability as a licensed practical nurse — the osteoarthritis in her right knee, a condition that was not diagnosed until after the 2004 work-related accident (see Matter of LaDuke v Schenectady Community Action Program, 102 AD3d 1069, 1070 [2013]).
We find that the carrier failed to prove that claimant's preexisting conditions hindered or were likely to hinder her employability. Although Moriarty, an orthopedist, did offer an opinion based upon a records review that claimant's heart conditions could pose a hindrance to employability, the opinion was based upon generalities and speculation, and did not rationally support the conclusion that claimant's present disability was "'materially and substantially greater than what would have arisen from the [2004] work-related injury by itself'" (Matter of Horwath v BSB Inns, Inc., 79 AD3d at 1554, quoting Matter of Dupuis v Frito Lay, 74 AD3d at 1618; see Matter of Kelly v DiNapoli, 30 NY3d 674, 684 [2018]). Moriarty did not examine or interview claimant, and the record does not reflect that claimant was subject to any restrictions or that any of her preexisting conditions hindered her job performance or ability to work (see Matter of Murphy v Newburgh Enlarged City Sch. Dist., 152 AD3d 859, 860 [2017]; Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]). In addition, as noted in Moriarty's addendum, claimant's aortic insufficiency from a heart valve condition was controlled by medication, and "preexisting conditions that are controlled by medication have been found, without more, not to constitute a hindrance to employability" (Matter of Murphy v Newburgh Enlarged City Sch. Dist., 152 AD3d at 860 [internal quotation marks and citation omitted]; accord Matter of Hartman v Top's Mkt., Inc., 104 AD3d 1043, 1044 [2013]). In view of the lack of evidence that claimant's preexisting conditions hindered or were likely to hinder her employability, we find that the Board's decision is not supported by substantial evidence and, therefore, it must be reversed (see Matter of Murphy v Newburgh Enlarged City Sch. Dist., 152 AD3d at 860; Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d at 1366; Matter of LaDuke v Schenectady Community Action Program, 102 AD3d at 1070; Matter of Kakuriev v Home Serv. Sys., LLC, 80 AD3d 1033, 1034 [2011]; Matter of Horwath v BSB Inns, Inc., 79 AD3d at 1554).
McCarthy, J.P., Lynch, Clark and Rumsey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.