Matter of Durham v Wal-Mart Stores, Inc. (2019 NY Slip Op 05833)





Matter of Durham v Wal-Mart Stores, Inc.


2019 NY Slip Op 05833


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527982

[*1]In the Matter of the Claim of ESTHER J. DURHAM, Claimant,
v
WAL-MART STORES, INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Goldberg Segalla, LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Special Funds Group, Schenectady (Kevin J. Rumsey of counsel), for Special Disability Fund, respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed May 9, 2018, which discharged the Special Disability Fund from liability under Workers' Compensation Law § 15 (8).
Claimant, a cashier, sustained work-related injuries to her neck and lower back in May 2007. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) subsequently sought reimbursement from the Special Disability Fund (hereinafter the Fund) pursuant to Workers' Compensation Law § 15 (8) (d), citing claimant's preexisting hypertension and prior established claim for a low back injury in 2005 as factors contributing to her disability. Ultimately, claimant was classified with a permanent partial disability of her cervical and lumbar spine, and the employer renewed its ongoing request for reimbursement.
Following a hearing, a Workers' Compensation Law Judge found that the employer was entitled to reimbursement — apparently relying upon a pretrial conference sheet dated March 14, 2012 and signed by representatives of the employer and the Special Funds Conservation Committee that purportedly reflected an agreement as to the employer's entitlement to reimbursement. Upon administrative review, the Workers' Compensation Board reversed, finding, among other things, that consideration of the pretrial conference sheet was barred by Workers' Compensation Law § 15 (8) (h) (2) (A), that the C-250 form filed in this matter failed [*2]to list claimant's 2005 low back injury as a preexisting impairment and, in any event, that the employer failed to tender sufficient medical proof within the prescribed time limits to support its claim for reimbursement. Accordingly, the Board denied the employer's request for relief and discharged the Fund, which had assumed responsibility for Workers' Compensation Law § 15 (8) reimbursement claims, from liability. This appeal by the employer ensued.
The crux of the employer's argument is that the Board erred in concluding that it was not entitled to reimbursement from the Fund under the provisions of Workers' Compensation Law § 15 (8) (d). In this regard, the employer initially contends that the aforementioned pretrial conference sheet is entitled to preclusive effect, as it contains the notation "15.8 applies unless total disability develops solely due to instant case." This argument is unpersuasive, however, as the pretrial conference sheet did not meet the requirements of either a stipulation (see 12 NYCRR 300.5 [b]) or a settlement between the parties (see Workers' Compensation Law § 32). Notably, any such agreement in this regard would have been subject to the approval of the Workers' Compensation Law Judge and further review by the Board (see Matter of Lloyd v New Era Cap Co., 80 AD3d 1016, 1019 [2011]; Matter of Marino v K.L.M. Royal Dutch Airlines, 194 AD2d 818, 819-820 [1993], lv denied 82 NY2d 661 [1993]). Absent proof of such approval/review here, the pretrial conference sheet was not binding, and the issue of whether the employer demonstrated its entitlement to reimbursement under Workers' Compensation Law § 15 (8) (d) remained "within the exclusive province of the Board" (Matter of Brown v Guilderland Cent. School Dist., 82 AD3d 1523, 1523-1524 [2011]).
We further agree with the Board that, to the extent that the employer was relying upon the 2012 pretrial conference statement to support its claim for reimbursement, such statement was barred by the provisions of Workers' Compensation Law § 15 (8) (h) (2) (A). This statute provides, in relevant part, that "no written submissions or evidence in support of such a claim [for reimbursement] may be submitted after [July 1, 2010]" (Workers' Compensation Law § 15 [8] [h] [2] [A]). As the pretrial conference sheet was not prepared until nearly two years after the statutory deadline for tendering evidence or other written submissions had passed, the Board correctly concluded that it was foreclosed from considering this document. For all these reasons, we discern no basis upon which to disturb the Board's finding that the pretrial conference sheet was not dispositive of the employer's reimbursement claim.
Turning to the merits, "to receive reimbursement from the Fund pursuant to Workers' Compensation Law § 15 (8) (d), the employer must demonstrate that the claimant suffered from (1) a preexisting permanent impairment that hindered job potential, (2) a subsequent work-related injury, and (3) a permanent disability caused by both conditions that is materially and substantially greater than would have resulted from the work-related injury alone" (Matter of Murphy v Newburgh Enlarged City Sch. Dist., 152 AD3d 859, 859 [2017] [internal quotation marks and citations omitted]; see Matter of Conway-Acevedo v Consolidated Edison Co. of N.Y., Inc., 114 AD3d 1016, 1016-1017 [2014]; Matter of Pawlitz-Delgaizo v Community Gen. Hosp., 106 AD3d 1365, 1366 [2013]; Matter of Southard v Corning Hotel Corp., 95 AD3d 1519, 1519-1520 [2012])[FN1]. Such claim for reimbursement "shall be filed on a form prescribed by the [Board] chair" (12 NYCRR 300.5 [e]) — in this case, form C-250 (see Workers' Compensation Law § 15 [8] [f]; Matter of Searfoss v Anchor Glass Container Corp., 78 AD3d 1368, 1369 [2010]; Matter of Cassata v General Motors Powertrain, 71 AD3d 1342, 1343 [2010]).
Here, the Board found that the employer's C-250 form — although timely filed — was not properly completed. Specifically, the Board noted that the only preexisting impairment listed in section nine of the form was claimant's hypertension; no mention was made in that section of claimant's 2005 back injury. Although reference to claimant's prior back injury was noted in section 10 of the form, the Board found that the employer failed to tender sufficient medical proof — prior to July 1, 2010 (see Workers' Compensation Law § 15 [8] [h] [2] [A]) — to support its reimbursement claim. On this point, the Board found that the independent medical examination report that accompanied the employer's request for relief, as well as the remaining medical evidence tendered by the employer prior to the statutory cut-off date, did not establish that claimant had sustained "a preexisting permanent impairment that hindered job potential" (Matter of Murphy v Newburgh Enlarged City Sch. Dist., 152 AD3d at 859; see Workers' Compensation Law § 15 [8] [d]). The Board's findings in this regard are supported by substantial evidence in the record, as the subject report not only failed to express an opinion as to permanency, but indeed reflected that "[n]o disability was found for the [2005] injury . . . as [claimant] had returned to work without restriction" until the 2007 injury that formed the basis for the instant claim. Additionally, as noted by the Fund, this report attributes the "materially and substantially greater" nature of claimant's present disability to a multitude of factors [FN2] and does not expressly address the impact of claimant's 2005 back injury upon such disability, which is the injury that formed the basis for the employer's claim for reimbursement. Accordingly, we agree with the Board that the employer failed to meet its burden of proof on this point, thus warranting denial of its reimbursement request and the discharge of the Fund from liability (see generally Matter of Southard v Corning Hotel Corp., 95 AD3d at 1520). To the extent that the employer's claim that the Board had a conflict of interest in this matter is properly before us, we find it to be lacking in merit.
Garry, P.J., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Upon appeal, the employer largely relies upon the assertedly preclusive effect of the pretrial conference sheet and does not extensively address the adequacy of the medical proof it tendered in support of its reimbursement claim. The employer does, however, contend — as an alternative argument — that a certain 2009 independent medical examination report is sufficient to establish that claimant's present disability was made materially and substantially greater by her 2005 back injury, thus entitling the employer to reimbursement under Workers' Compensation Law § 15 (8) (d). Accordingly, we will address the merits of this argument.

Footnote 2: Claimant's preexisting hypertension was not included in the list of contributing factors.